Ex parte Woodrow Wilson SHOOK, Jr., Applicant.

No. 74085.

Court of Criminal Appeals of Texas, En Banc.

Oct. 24, 2001.

Woodrow Wilson Shook, Jr., pro se.

Stephen E. Bristow, District Attorney, Graham, for Appellee.

MEYERS, J., delivered the opinion of the Court, joined by PRICE, JOHNSON, HERVEY and HOLCOMB.

This is a post-conviction application for a writ of habeas corpus forwarded to this court pursuant to Code of Criminal Procedure article 11.07. *Ex Parte Young*, 418 S.W.2d 824 (Tex.Crim.App.1967). Appli-

cant was convicted of driving while intoxicated and was sentenced to confinement for five years in the Texas Department of Criminal Justice. No appeal was taken from this conviction.

In his application, Applicant alleges that the Board of Pardons and Parole (the "Board") failed to comply with the requirements of Government Code § 508.149(c) because the Board did not give Applicant adequate prior notice of his consideration for mandatory supervision release and because the Board failed to specify the reasons for its determination in writing.[1] These failures, applicant alleges, violated his due process rights. We filed and set this application to determine whether the Board afforded Applicant due process of law in considering Applicant for mandatory supervision release.

Applicant was indicted for Driving while Intoxicated as a subsequent offense. The offense allegedly occurred on November 8, 1997. Applicant pled guilty and was convicted and sentenced to five years imprisonment. No appeal was taken from this conviction. Upon an initial review of Applicant's case on December 8, 1998, the Board voted to deny mandatory supervision and on December 9, 1998, sent Applicant a "serve all" notice of this decision stating the reasons for the denial. The notice also stated that Applicant's next review would be in January 2000. On October 21, 1999, the Board sent Applicant notice of its vote to deny mandatory supervision and the reasons for the denial, and

notice his next review would be in September 2000. On August 8, 2000, the Board sent Applicant notice of its vote to deny mandatory supervision and reasons for the denial, and notice that his next review would be in September 2001. Thus, Applicant's October 1999 review took place over two months before the date Applicant had been told it would occur, and Applicant's August 2000 review took place one month before the date he had been told it would occur.

■ We recently held that to comply with due process in making the mandatory release decision, the Board must provide an inmate with timely notice that he will be considered for mandatory supervision release prior to that review taking place. This will provide eligible inmates with the warning that is necessary to allow them to submit any information that they feel relevant to the Board decision.

*Ex Parte Geiken,* 28 S.W.3d 553, 560 (Tex. Crim.App.2000); *see also* TEX. GOV'T CODE § 508.149(c). While a live hearing is not required to satisfy due process, an inmate is entitled to a meaningful opportunity to be heard before the Board makes a decision concerning his release. We interpreted a meaningful opportunity to be heard to mean that the Board must provide an inmate with prior notice of the fact that they are to be considered for mandatory supervision release, so that the inmate may then make use of their ability to "tender or have tendered to the Board on their behalf

---

1. In 1996, the Legislature amended the mandatory supervision statute. Under the old statute, an eligible prisoner was automatically released when the actual time served plus accrued good conduct time added up to the maximum term to which the inmate was sentenced. *See* TEX. Article 42.18 § 8(c) V.A.C.C.P. (1995). Under the amended statute, prisoners who are eligible under the statutory formula may be denied relief if a parole panel determines that the inmate's accrued good conduct time credits do not accurately reflect his potential for rehabilitation and he would endanger the public if released. Art. 42.18, §§ 8(c), 8(c–1) V.A.C.C.P. (1996). The amendments to the Code of Criminal Procedure were effective September 1,1996, and these provisions were later moved to the Government Code. V.T.C.A. Gov't Code § 508.149(b).

information in support of release." *Geiken*, 28 S.W.3d at 560.

■ In this case, when Applicant was given notice of a specific date on which he was to be considered by the Board, and the Board's consideration actually took place on a date earlier than the stated date, Applicant's ability to tender information to the Board, in accordance with Applicant's right to a meaningful opportunity to be heard, was cut short. We hold that when the Board gives the inmate notice of a *specific date* on which the hearing is scheduled to take place, the inmate is entitled to rely on that information and accordingly has until that date to submit relevant information on his behalf. If the Board holds the hearing for such consideration on a date earlier that the specific date the inmate has been notified that the hearing will take place, then the inmate has been misled by the notice and denied the full opportunity he was told he would have in order to submit relevant information to the Board.

■ Because the Board held hearings on Applicant's case prior to the dates Applicant was told the hearings would take place, the Board denied Applicant a meaningful opportunity to be heard by cutting short the time it had informed him he would have to submit information relevant to the Board's consideration. Relief is granted. The Parole Board should again consider Applicant for mandatory release and provide him with timely notice that such consideration will occur.[2]

KELLER, P.J., filed a dissenting opinion in which KEASLER and COCHRAN, J.J., joined.

In a post conviction collateral attack, it is not sufficient for an applicant to allege error.[1] He must also allege how the error harmed him.[2]

Applicant alleges that the Board of Pardons and Paroles failed to give him adequate notice that he was to be considered for release to mandatory supervision. He establishes that the Board notified him that he would be considered for release on certain dates, but then made the determination to deny release before those dates. But applicant has failed to alleged any harm resulting from the Board's early consideration of his case.

In *Ex parte Geiken*,[3] we determined that V.T.C.A. Gov't Code § 508.147 created a liberty interest in mandatory supervision release.[4] We also said that if a liberty interest is created by a statute, due process requires notice and a meaningful opportunity to be heard.[5] I believe that an allegation of a lack of a meaningful opportunity to be heard *is* an allegation of harm. But applicant in this case was notified that his case would be considered and was provided an opportunity to be heard. Al-

---

2. Judge Keller dissents on the ground that applicant has failed to allege and prove harm. We imposed no harm requirement on the applicant in *Geiken*, *supra*. We decline to engage in a speculative analysis of how the Board of Pardons and Paroles might view certain evidence an applicant might have submitted given the opportunity to which he was entitled. We are precluded from reviewing these decisions of the Board of Pardons and Paroles under Government Code § 508.149(d), and see little value in speculating on the probable outcome, particularly given the broad discretion of the Board.

1. *See Ex Parte Maldonado*, 688 S.W.2d 114, 116 (Tex.Crim.App.1985).

2. *See id.*

3. 28 S.W.3d 553 (Tex.Crim.App.2000).

4. *Id.* at 558.

5. *Id.* at 560 (citing *LaChance v. Erickson*, 522 U.S. 262, 266, 118 S.Ct. 753, 139 L.Ed.2d 695 (1998)).

though he has proven that the hearing was not when he was told it would be, he has not alleged that because of the date discrepancy his opportunity to be heard was not meaningful, e.g. that there was evidence he was prevented from presenting because of the Board's early consideration of the case.

I respectfully dissent.

WOMACK, J., filed a dissenting opinion.

Because I hold that the procedure of Article 11.07 of the Code of Criminal Procedure is not available for an application that does not "seek relief from a felony judgment" (*id.*, section 1), I would dismiss this application that seeks relief from an administrative decision of the Department of Criminal Justice. *See Ex parte Whiteside*, 12 S.W.3d 819, 822 (Tex.Cr.App.2000) (Womack, J., concurring).