In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00057-CR


______________________________




DELVIN JAVAE GULLATTE, a/k/a


DELVIN JAVAE WATSON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 6th Judicial District Court


Lamar County, Texas


Trial Court No. 18376




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Delvin Javae Gullatte, also known as Delvin Javae Watson, was convicted in a
single trial of the offenses of burglary of a habitation, aggravated robbery (3 separate
indictments), and felony grade deadly conduct. This appeal concerns only his conviction
for aggravated robbery under trial cause number 18376. The causes have been appealed
separately and have been briefed together. 

 Since the briefs and arguments raised therein are identical in each appeal, for the
reasons stated in Gullatte v. State, No. 06-02-00055-CR, we likewise resolve the issues
in this appeal in favor of the State.

 The judgment of the trial court is affirmed.


 Ben Z. Grant

 Justice




Date Submitted: December 23, 2002

Date Decided: December 31, 2002


Do Not Publish



tyle="font-family: 'Times New Roman', serif">Original Mandamus Proceeding





                                                                                                                                                             
                          


Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Carter



O P I N I O N

            Kim Wayne Burden has filed a petition for writ of mandamus in which he asks this Court to
order the Honorable William Porter, 276th Judicial District Judge of Camp County, Texas, to order
the negotiated plea agreement entered before that court to be honored by the State. Burden states
he pled guilty to robbery, without a deadly weapon finding, and it appears the judgment reflected that
agreement. Burden argues, however, he has now been informed by a social worker at the Texas
Department of Criminal Justice–Institutional Division that, because his files implied a weapon had
been involved in the robbery, his case would nevertheless be so treated.
            Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion
or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. 
Cantu v. Longoria, 878 S.W.2d 131 (Tex. 1994); Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex.
1992). Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of
discretion or, in the absence of another statutory remedy, when the trial court fails to observe a
mandatory statutory provision conferring a right or forbidding a particular action. Abor v. Black, 695
S.W.2d 564, 567 (Tex. 1985).
            In this case, the information provided by Burden shows the trial court acted in accordance
with the agreement and did not enter a deadly weapon finding in the conviction or sentence. No
mandatory duty of the trial court was violated. Insofar as Burden may be complaining about the
actions of jail administrators or the Texas Pardons and Parole Board in improperly considering
matters that should not be considered because of the trial court's failure to make a deadly weapon
finding, this constitutes a post-conviction collateral attack that would lie, under Tex. Code Crim.
Proc. Ann. art. 11.07 (Vernon Supp. 2004), with the Texas Court of Criminal Appeals. See Ex
parte Shook, 59 S.W.3d 174 (Tex. Crim. App. 2001).
            We deny the petition for writ of mandamus.
 


                                                                        Jack Carter
                                                                        Justice

Date Submitted:          January 6, 2004
Date Decided:             January 7, 2004