**Ex parte Charles Albert BARRY, Jr., Applicant.**

**No. 74642.**

Court of Criminal Appeals of Texas, En Banc.

July 2, 2003.

Charles Albert Barry, Jr., pro se.

James Eidson, DA, Abilene, Matthew Paul, State's Attorney, Austin, for state.

### OPINION

JOHNSON, J., delivered the opinion of the Court, joined by MEYERS, PRICE, KEASLER, HERVEY, HOLCOMB and COCHRAN, J.J.

This is a post-conviction application for a writ of *habeas corpus* filed pursuant to Tex.Code Crim. Proc., art. 11.07. Applicant was convicted of possession of methamphetamine, enhanced by two prior felony convictions. Pursuant to a plea agreement, he was sentenced to three years confinement in the Institutional Division of the Texas Department of Criminal Justice ("TDCJ").

Applicant contends that he was approved for release on discretionary mandatory supervision, but was not released on his scheduled date nor was he given prior notice that the Board of Pardons and Pa-

roles ("Board") was reconsidering its decision to release him.

 The trial court has provided to this Court findings of fact and conclusions of law with respect to this writ application and has included two affidavits, both from the assistant director of the review and release-processing section of TDCJ's parole division. Those affidavits indicate that applicant was approved for mandatory-supervision release and sent notice on April 9, 2002, that he would be released on his projected release date, July 2, 2002. However, applicant was not released on his scheduled release date because the Board subsequently withdrew its previous approval. The affidavits also state that the department records do not reflect that applicant was notified that the Board was reconsidering his release.

In *Ex parte Geiken,* 28 S.W.3d 553, 560 (2000), we held that an inmate is entitled to a meaningful opportunity to be heard by the Board before it makes a decision concerning his release. Meaningful opportunity to be heard means that the Board must provide an inmate with prior notice that the inmate is to be considered for mandatory supervision release so that the inmate may then make use of his ability to tender to the Board, or have tendered on his behalf, information in support of release. *Id.,* and *Ex parte Shook,* 59 S.W.3d 174 (Tex.Crim.App.2001).

Because the Board, without notice to applicant, reversed its decision to release applicant to mandatory supervision, it denied him the required meaningful opportunity to be heard. Relief is granted. The Board is ordered to reconsider applicant for mandatory release and to provide him with timely notice of when such reconsideration will occur.

KELLER, P.J., concurred in the result.

WOMACK, J., dissented.