**In re Kim Wayne BURDEN.**

No. 06–03–00170–CV.

Court of Appeals of Texas, Texarkana.

Submitted Jan. 6, 2004.

Decided Jan. 7, 2004.

Kim Wayne Burden, Amarillo, pro se.

Before MORRISS, C.J., ROSS and CARTER, JJ.

OPINION

Opinion by Justice CARTER.

Kim Wayne Burden has filed a petition for writ of mandamus in which he asks this Court to order the Honorable William Porter, 276th Judicial District Judge of Camp County, Texas, to order the negotiated plea agreement entered before that court to be honored by the State. Burden states he pled guilty to robbery, without a deadly weapon finding, and it appears the judgment reflected that agreement. Burden argues, however, he has now been informed by a social worker at the Texas Department of Criminal Justice Institutional Division that, because his files implied a weapon had been involved in the robbery, his case would nevertheless be so treated.

 Mandamus issues only when the mandamus record establishes (1) a clear

abuse of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. *Cantu v. Longoria,* 878 S.W.2d 131 (Tex. 1994); *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992). Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion or, in the absence of another statutory remedy, when the trial court fails to observe a mandatory statutory provision conferring a right or forbidding a particular action. *Abor v. Black,* 695 S.W.2d 564, 567 (Tex. 1985).

In this case, the information provided by Burden shows the trial court acted in accordance with the agreement and did not enter a deadly weapon finding in the conviction or sentence. No mandatory duty of the trial court was violated. Insofar as Burden may be complaining about the actions of jail administrators or the Texas Pardons and Parole Board in improperly considering matters that should not be considered because of the trial court's failure to make a deadly weapon finding, this constitutes a post-conviction collateral attack that would lie, under TEX.CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp.2004), with the Texas Court of Criminal Appeals. *See Ex parte Shook,* 59 S.W.3d 174 (Tex. Crim.App.2001).

We deny the petition for writ of mandamus.