Criminal Case Template







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
IN RE: ASENCION GAONA,                          )                  No. 08-06-00199-CR
)
                                                Relator.                )                 AN ORIGINAL PROCEEDING
) 
)IN MANDAMUS
)


O P I N I O N

            Relator Asencion Gaona has filed a petition for writ of mandamus, requesting that this Court
order the trial court to dismiss the indictment underlying his conviction or alternatively, to reform
its judgment and delete the word “aggravated” because no affirmative finding of a deadly weapon
was entered in the judgment. Relator states that he pled guilty to aggravated robbery without a
deadly weapon, pursuant to a plea agreement with the State. The judgment, which Relator has
attached as an exhibit, shows that he was convicted of aggravated robbery and was sentenced to
fifteen years’ imprisonment. There was no affirmative finding of a deadly weapon. Relator informs
the Court that he was denied mandatory supervision release and that his 11.07 writ of habeas corpus,
in which he challenged his “aggravated status” because it was not in the plea agreement, was denied
by the Texas Court of Criminal Appeals. In his petition, Relator complains that prison officials are
treating his case as an “aggravated case” because the trial court abused its discretion by, in effect,
not honoring his negotiated plea agreement. 
            To obtain mandamus relief in a criminal matter, the relator must establish that (1) the act
sought to be compelled is ministerial, and (2) there is no adequate remedy at law. Dickens v. Court
of Appeals for Second Supreme Judicial Dist., 727 S.W.2d 542, 548 (Tex.Crim.App. 1987). 
            The information provided by Relator shows that the trial court acted in accordance with the
agreement and did not enter a deadly weapon finding in the conviction or sentence. Further,
Appellant pled guilty to aggravated robbery and was convicted and sentenced for the same offense. 
Aggravated robbery is a felony of the first degree. A person commits aggravated robbery if he
commits an offense of robbery as defined in Section 29.02, and he: (1) causes serious bodily injury
to another; (2) uses or exhibits a deadly weapon; or (3) causes bodily injury to another person or
threatens or places another person in fear of imminent bodily injury or death. Tex.Penal Code Ann.
§ 29.03 (Vernon 2003). Thus, a person can commit aggravated robbery without a deadly weapon
finding. Relator has failed to show that the act sought to be compelled is ministerial, therefore the
trial court has not clearly abused its discretion. To the extent that Relator’s complaint concerns the
actions of prison officials or the Texas Board of Pardons and Paroles in determining his
ineligibility for mandatory supervision under Tex.Gov’t Code Ann. § 508.145(d), consideration
of this post-conviction collateral attack would lie with the Texas Court of Criminal Appeals.


 See
Tex.Code Crim.Proc.Ann. art. 11.07 (Vernon 2005); see e.g., Ex parte Shook, 59 S.W.3d 174
(Tex.Crim.App. 2001). 
            The petition for writ of mandamus is denied.


August 29, 2006                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)