IN THE 
COURT OF CRIMINAL APPEALS
OF TEXAS




NO. AP-75,508


 

EX PARTE STANLEY WAYNE HILL, 
Applicant



ON APPLICATION FOR A WRIT OF HABEAS 
CORPUS
CAUSE NO. 3954-A IN THE 31
st 
JUDICIAL DISTRICT COURT
WHEELER COUNTY


Cochran, J., delivered the opinion of the Court, in which Keller, 
P.J., and Meyers, Womack, Hervey and Holcomb, JJ., joined. Johnson, J., filed a 
dissenting opinion, in which Price, J., joined. Keasler, J., concurred in the 
judgment.  
O P I N I O 
N 

We filed and set 
this application for a writ of habeas corpus to determine if applicant was 
improperly classified as "not eligible for mandatory-supervision release." We 
deny relief, but note that applicant is only temporarily ineligible. On May 6, 
2005, a parole panel reviewed applicant for release on mandatory supervision, 
but it concluded that (1) applicant's accrued good conduct time is not an 
accurate reflection of his potential for rehabilitation, and (2) his release 
would endanger the public. It therefore denied release and reclassified him as 
mandatory-supervision ineligible. But the parole panel must reconsider him for 
release to mandatory supervision at least twice during the two years after the 
date of the initial determination. We anticipate that it will do so, if it has 
not already done so. 
(1)

I
. 


Applicant pled 
guilty to felony DWI in February 2002 and was sentenced to eight years' 
confinement. No direct appeal was taken. Applicant contends that he was 
originally designated as a mandatory-supervision prospect, but that he has been 
re-classified as ineligible for mandatory supervision without explanation. In 
support of his claim, applicant provides copies of two inmate time sheets. On 
the first time sheet, dated April 4, 2005, applicant is designated as a 
mandatory-supervision prospect, with a "short-way" discharge date of May 3, 
2005. On the second sheet, dated October 26, 2005, applicant is designated as 
not eligible for mandatory supervision, and he has a discharge date of January 
9, 2010.
The trial court 
initially forwarded the application to this Court without making findings of 
fact, conclusions of law, or a recommendation. Believing that applicant had 
alleged facts that, if true, might entitle him to relief, we held the 
application in abeyance and requested the trial court to resolve the fact issues 
related to applicant's claim. The trial court obtained an affidavit from the 
Texas Department of Criminal Justice (TDCJ) which states that (1) applicant's 
"offense is identified as not eligible for mandatory supervision release by 
statute," and (2) on "04-06-05 the offender was denied mandatory supervision by 
Board of Pardons and Paroles vote and converted to non-mandatory supervision 
status pursuant to HB 1433." After considering the affidavit, the trial court 
made a single finding of fact:
The records of 
the Texas Department of Criminal Justice reveal that the offense occurring 
January 9, 2002, for which the defendant herein was sentenced on February 21, 
2002, is identified as not eligible for mandatory supervision release by statute 
and not subject to flat calculated parole eligibility status by 
statute.
We cannot fully 
accept the trial court's finding.

II.

Texas Government 
Code § 508.147 provides, 
Except as 
provided by Section 508.149, a parole panel shall order the release of an inmate 
who is not on parole to mandatory supervision when the actual calendar time the 
inmate has served plus any accrued good conduct time equals the term to which 
the inmate was sentenced. 
(2) 
Section 
508.149(a) makes some inmates-those convicted of especially serious offenses and 
those who had used a deadly weapon in committing their crime-permanently 
ineligible for release on mandatory supervision. 
(3) Such inmates are either released on regular parole or required to 
serve their entire sentence. 
Some of those 
statutorily eligible for release on mandatory supervision are not rehabilitated 
and still constitute a danger to the public. 
(4) Thus, the mandatory supervision statute permits "a parole panel to 
exercise some discretion in deciding whether a person who [is] eligible for 
release on mandatory supervision should, nonetheless, be kept in custody." 
(5) Under section 508.149(b), 
an inmate may not 
be released to mandatory supervision if a parole panel determines that: (1) the 
inmate's accrued good conduct time is not an accurate reflection of the inmate's 
potential for rehabilitation; and (2) the inmate's release would endanger the 
public. 
(6) 
A parole panel 
that determines that an inmate should not be released on mandatory supervision 
must specify in writing its reasons for denying release. 
(7) Finally, "[a] determination under Subsection (b) is not subject to 
administrative or judicial review, except that the parole panel making the 
determination shall reconsider the inmate for release to mandatory supervision 
at least twice during the two years after the date of the determination." 
(8) 
After three 
unsuccessful annual reviews, an inmate need not be reviewed again for release on 
mandatory supervision. But in any case, "[t]he onus is on a parole panel to 
invoke the review process and make its findings, not on the eligible inmate to 
request a review. Without a parole panel's two statutory findings, made only 
after timely due-process notice to the inmate that gives him an opportunity to 
submit materials, the Texas Department of Criminal Justice-CID must release an 
eligible inmate to mandatory supervision." 
(9) Thus, the mandatory supervision statutes vest "a liberty interest 
in the eligible inmate, and the statutory presumption is slanted toward release. 
The parole panel must justify non-release." 
(10)
III.
In this case, 
TDCJ simultaneously states that applicant's "offense is identified as not 
eligible for mandatory supervision release by statute" and that on "04-06-05 the 
offender was denied mandatory supervision by Board of Pardons and Paroles vote 
and converted to non-mandatory supervision status pursuant to HB 1433." 
(11) Although both statements can be literally true, we can well 
understand and appreciate applicant's confusion. Applicant was convicted of DWI 
for an offense occurring on January 9, 2002. Applicant's DWI offense does not 
preclude mandatory-supervision release because it is not an offense enumerated 
in section 508.149(a). The judgment shows no deadly weapon finding or other 
aggravating circumstance which would make applicant ineligible for release on 
mandatory supervision. The TDCJ offender database does not show that applicant 
is serving any other sentences. The affidavit from TDCJ and fact-finding of the 
trial court are misleading insofar as they suggest that applicant's DWI 
conviction makes him statutorily ineligible for release on mandatory 
supervision. 
We deny relief, 
however, because the parole panel exercised its discretion under section 
508.149(b) and decided that applicant-who is statutorily eligible for release on 
mandatory supervision-should, nonetheless, be kept in custody because of his 
lack of rehabilitation and potential danger to the community. That discretionary 
finding is why applicant is temporarily classified as "not eligible for 
mandatory supervision release." Applicant retains his vested statutory 
entitlement to release on mandatory supervision, though it is a defeasible 
interest. Under section 508.149(d), the parole panel shall (assuming it has not 
already done so) reconsider applicant "for release to mandatory supervision at 
least twice during the two years after the date of [its original] 
determination." 
(12) 
It would avoid 
confusion in the future, decrease the number of writ applications filed in the 
trial courts, and eliminate the need for affidavits from prison officials, if 
TDCJ clarified its inmate time sheets (or any other source traditionally 
consulted by inmates in determining their status) to show whether an inmate is 
absolutely ineligible for mandatory supervision under section 508.149(a), or is 
temporarily ineligible because he has been denied release based on section 
508.149(b) findings. We have repeatedly noted that, to comply with due process 
in making the discretionary mandatory-release decision under section 508.149(b), 
the parole board must provide an inmate with timely notice that he will be 
considered for mandatory-supervision release prior to that review taking 
place. 
(13) In Ex parte 
Retzlaff, we held that "in the normal case, an inmate is entitled to notice 
of the specific month and year in which he will be reviewed for release on 
mandatory supervision" and that "he must be given at least thirty days advance 
notice that he will be reviewed in the specified month so that he has a 
sufficient opportunity to submit materials on his behalf." 
(14) An inmate should know his status in the interim. He should not 
have to guess whether he can come to the mandatory-supervision batter's plate in 
the first place or, if he can, how many strikes (whether it be zero, one, two, 
or three) he has against him. In this case, the materials submitted by TDCJ show 
that applicant has had one strike at the mandatory-supervision ball. After May 
6, 2005, he had two more review opportunities. He has not yet struck out. We 
therefore, deny relief.
Copies of this 
opinion will be delivered to the Texas Department of Criminal Justice-CID and to 
the Texas Board of Pardons and Parole.
Delivered: 
December 6, 2006
Publish

1. The habeas record does not indicate whether applicant's 
parole panel review on May 6, 2005, was his first, second, or third review. In 
the absence of any documentation showing otherwise, we simply assume that it was 
his first. 
2. Tex. Gov't Code § 508.147(a). 
3. Tex. Gov't Code § 508.149(a); see Ex parte 
Ervin, 187 S.W.3d 386, 389 (Tex. Crim. App. 2005) (Section 508.149 is 
intended "to make all inmates who have prior convictions for serious offenses 
ineligible for mandatory supervision release"). 
4. See Ex parte 
Retzlaff, 135 S.W.3d 45, 48 (Tex. Crim. App. 2004). 
5. Id.; see Tex. Gov't 
Code § 508.149(b). 
6. Tex. Gov't Code § 
508.149(b); see Ex parte 
Retzlaff, 135 S.W.3d at 48. 
7. Tex. Gov't Code § 508.149(c). 
8. Tex. Gov't Code § 508.149(d). 
9. Ex parte 
Retzlaff, 135 S.W.3d at 51. 
10. Id. at 49. 
11. "HB 1433" refers to the 1995 House Bill that enacted 
the discretionary mandatory-supervision law. 74
th Leg., R.S., 
ch. 263, § 2, 1995 Tex. Gen. Laws 2592 (H.B. No. 1433). As enacted, HB 1433 
amended article 42.18 of the Code of Criminal Procedure. This provision was 
later recodified in the Government Code at section 508.149(b). Presumably what 
TDCJ intends to convey by its notation is that a parole panel is not absolutely 
required to release applicant on mandatory supervision; rather, applicant is 
subject to release on discretionary 
mandatory supervision. 
12. Tex. Gov't Code § 508.149(d). 
13. Ex parte 
Retzlaff, 135 S.W.3d at 49 ("Timely notice, which provides sufficient 
opportunity to submit relevant, up-to-date information by affected parties, is a 
rudiment of due process, and it reassures both the individual and society that 
'fair dealing rather than caprice will govern the affairs of men'"); 
Ex parte 
Geiken, 28 S.W.3d 553, 560 (Tex. Crim. App. 2000) ("The option of providing 
the Board with information supportive of release is of little practical use if 
the inmate is unaware that such a review will be taking place"); Ex parte Shook, 
59 S.W.3d 174, 175 (Tex. Crim. App. 2001) (following Ex parte Geiken). 

14. 135 S.W.3d at 50.