**Ex parte Jose Manuel MALDONADO.**

**No. 69149.**

Court of Criminal Appeals of Texas,
En Banc.

April 17, 1985.

Ramon Cavazos, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Roberto Gutierrez, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CLINTON, Judge.

This is an application for writ of habeas corpus brought pursuant to Article 11.07, V.A.C.C.P.

Applicant was indicted for the offense of aggravated robbery by use and exhibition of a deadly weapon as proscribed by V.T.C.A. Penal Code, § 29.03(a)(2), in Cause No. 269433 in the 248th Judicial District Court of Harris County. Subsequently, on January 20, 1978, a jury found applicant guilty of aggravated robbery. After a presentence investigation was conducted, the trial judge sentenced applicant to not less than five nor more than 10 years confinement in the Texas Department of Corrections.

Applicant now contends his confinement is unlawful "due to the fact that he was denied due process of law." The only factual averment made by applicant in support of this legal conclusion is:

> "Although he was indicted for aggravated robbery, the jury was improperly instructed for an offense other than aggra-

vated robbery and the defendant was later ajudged [sic] guilty of aggravated robbery and then sentenced as such."

In *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1985) (Opinion on State's motion for rehearing), the Court held that charge error which has not been objected to will not form the basis for successful attack on a conviction "unless it appears from the record that the defendant has not had a fair and impartial trial." See also Article 36.19, V.A.C.C.P. In Part II of our opinion in *Almanza*, supra, we discussed the fact that "finding error in the court's charge to the jury begins—not ends—the inquiry" and quoted from the opinion in *Davis v. State*, 28 Tex.Ct.App. 542, 13 S.W. 994, 995 (1890), to illustrate some of the considerations uniquely appropriate to determining the degree of harm attending any given error.

■ In a postconviction collateral attack, the burden is on the applicant to allege and prove facts which, if true, entitle him to relief. In the context of an allegation of an egregiously erroneous charge, one which rises to the level of having denied the applicant a fair and impartial trial, this requirement of pleading will be strictly pursued. In other words, it is not sufficient that the petition allege the denial of a fair and impartial trial or due process of law, which are mere conclusions of law; neither is it adequate to allege the bare fact that the court's charge was somehow erroneous.

■ Rather, the applicant must allege the reasons a given error in the charge, in

light of the trial as a whole,[1] so infected the procedure that the applicant was denied a fair and impartial trial. Once alleged, the burden on the applicant to prove such a denial is heavy and cannot be carried by merely attaching a certified copy of the court's charge to the application for writ of habeas corpus, as was done here.

■ The application before us utterly fails to allege facts which, if true, entitle the applicant to collateral relief;[2] the application is accordingly dismissed. This dismissal is without prejudice to applicant's right to replead and support this allegation with adequate reasoning, argument and testimonial and recorded evidence which illustrates the error so infected the trial process as to deny him a fair and impartial trial.[3]

It is so ordered.

TEAGUE, Judge, dissenting.

In this cause, it should not be open to question that had counsel on direct appeal for Jose Manuel Maldonado, applicant, or any member of the panel of this Court which decided his cause, see the unpublished opinion of *Maldonado v. State*, 629 S.W.2d 957 (Tex.Cr.App.1982), which panel was composed of Judges Odom, Davis, T., and Clinton (who is the author of the majority opinion in this cause), observed that the trial court's charge was fundamentally defective, Maldonado's conviction would have been set aside in 1982, because the error in the trial court's charge to the jury caused the verdict of the jury to be erroneous, because the jury was not required to find

1. See Part II of *Almanza*, supra.

2. In *Ex parte Coleman*, 599 S.W.2d 305 (Tex.Cr.App.1978), the Court denied relief, recognizing what *Almanza* acknowledges: what was then being labeled "fundamental charge error" did not necessarily bear an essential relationship to denial of a fair and impartial trial. Accordingly *Coleman* held that "fundamental charge error" as it was known in 1978 would not support a postconviction collateral attack unless it was shown that due process rights had been violated. Since *Almanza*, however, by definition "fundamental error" means an egregious error that creates such harm as to deprive accused of

a fair and impartial trial. Though its factual premise no longer exists, the reasoning in *Coleman*, along with its embracing the test pronounced by the Supreme Court in *Cupp v. Naughten*, 414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973), is the essence of the rationale of *Almanza*.

3. Before counsel and applicant determine whether to replead and file this application, a thorough review of *Woods v. State*, 653 S.W.2d 1 (Tex.Cr.App.1982); and the dissenting opinion in *Hill v. State*, 640 S.W.2d 879 (Tex.Cr.App. 1982) is recommended.

essential elements of the offense of aggravated robbery beyond a reasonable doubt; a more egregious error of which I am unable to imagine can occur.

I must ask the majority: If Maldonado is not entitled to post-conviction relief because he was convicted by a jury on an erroneously and fundamentally defective jury charge, then why is he not entitled to relief because of ineffective assistance of counsel on appeal, or why is he not entitled to relief because of the Panel's error in not "catching" the error in the charge when the cause was before the panel on direct appeal?

Something is sadly wrong with our system when one such as Maldonado does not obtain relief because of the egregious error that was present in his trial, as well as the manner in which his appeal was handled.

We learn today, however, that "Almanza the Terrible," see *Kucha v. State*, 686 S.W.2d 154 (Tex.Cr.App.1985), (Teague, J. Concurring Opinion), which figure of speech is a shorthand rendition I have given for this Court's decision of *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1985), was not really an aberration on the part of this Court, but that the opinion represents only an extension of "Coleman the Horrible," which figure of speech is a shorthand rendition I have given for this Court's decision of *Ex parte Coleman*, 599 S.W.2d 305 (Tex.Cr.App.1978), which held that fundamental error in a trial court's charge could not be raised through an application for post-conviction habeas corpus relief: "The writ of habeas corpus cannot be utilized, after conviction, to point out alleged errors in a court's charge, as these are matters which should be urged on appeal ...," quoting from *Ex parte Gomez*, 389 S.W.2d 308, 310 (Tex.Cr.App.1965) cert. denied 386 U.S. 937, 87 S.Ct. 958, 17 L.Ed.2d 810 (1967). Cf., however, *Ex parte Clark*, 597 S.W.2d 760 (Tex.Cr.App.1980).

The majority implicitly tells Maldonado to go back to "the writ room" and take the following test before he repleads: "In a postconviction collateral attack, the burden is on the applicant to allege and prove facts which, if true, entitle him to relief. In the context of an allegation of an egregiously erroneous charge, one which rises to the level of having denied the applicant a fair and impartial trial, this requirement of pleading will be strictly pursued. In other words, it is not sufficient that the petition allege the denial of a fair and impartial trial or due process of law, which are mere conclusions of law; neither is it adequate to allege the bare fact that the court's charge was somehow erroneous. Rather, the applicant must allege the reasons a given error in the charge, in light of the trial as a whole, (footnote omitted), so infected the procedure that the applicant was denied a fair and impartial trial. Once alleged, the burden on the applicant to prove such a denial is heavy and cannot be carried by merely attaching a certified copy of the court's charge to the application for writ of habeas corpus, as was done here."

I must ask the majority one last question—in this cause: "Is Ex parte Clark, supra, also no more?"

All that I can say to Maldonado, when he takes the above test in "the writ room," is "Lot's of luck," because I do not believe that either he or any other inmate in the Department of Corrections can pass the test that the majority has devised.

To the majority's extension of *Almanza v. State*, supra, to this cause, I must respectfully dissent.