IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,072-01






EX PARTE DONNA RUTH MCBRIDE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W92-31395-Q(A) IN THE 204TH DISTRICT COURT


FROM DALLAS COUNTY






 Per Curiam.



O R D E R


 We hold that Donna Ruth McBride has not established that she is entitled to habeas
relief. First, the record before the Court does not support the conclusion that McBride has
shown by clear and convincing evidence that no reasonable juror would have convicted her
in light of the newly discovered evidence presented on habeas. And second, McBride has
failed to prove by a preponderance of the evidence that she is entitled to an out-of-time
appeal.

I. McBride was charged with aggravated sexual assault of a child based on allegations
of sexual abuse made by her five-year-old son, Maurice Allen. At the time of the offense,
Allen lived with his mother and father in a small apartment. According to Allen, the living
conditions were poor; both of his parents used crack cocaine and there was little food in the
house. Allen was also regularly exposed to adults having sexual intercourse. Allen first
reported the abuse to a neighbor, Jimmy Ray Brigham. Reflecting on his outcry during the
habeas hearing, Allen said that Brigham summoned Allen to Brigham's apartment and then
confronted him, telling Allen that another individual witnessed McBride "mess" between his
legs. Allen told Brigham that it was not true, but Brigham told Allen that he needed to tell
him the truth or Brigham would "bust" him up. Fearful of Brigham's threat due to a previous
spanking by Brigham, Allen told Brigham that his mother had abused him. Brigham then
ordered his niece to go McBride's apartment and beat up McBride. During the altercation
between Brigham's niece and McBride that took place outside McBride's apartment,
someone in the apartment complex called the police. Allen was eventually taken to the
police station and, at that time, he reasserted the allegation of sexual abuse against his
mother. Brigham also gave the police a written statement detailing the events surrounding
Allen's allegation of sexual abuse. Further, after receiving Miranda warnings, McBride
signed a written statement in which she confessed, in detail, to sexually abusing Allen. 

 At McBride's trial in 1993, Allen recanted, testifying that the allegation of sexual
abuse that he reported to the police was a lie. Brigham testified for the State as an outcry
witness and stated that Allen told him that McBride had sexually abused him. Finally, while
McBride did not testify, the State introduced, and the trial judge admitted, McBride's
confession into evidence. A jury convicted Donna Ruth McBride of the felony offense of
aggravated sexual assault of a child and sentenced her to sixteen years' imprisonment. 
McBride did not perfect an appeal.

 In April 2005, McBride filed an initial application for a writ of habeas corpus. In it,
she alleges, among other things, that she is actually innocent of aggravated sexual assault and
that she is entitled to an out-of-time appeal due to ineffective assistance of trial counsel. To
support her actual innocence claim, McBride attached an unsworn letter from Allen that
states, in part, "Moma I know like you know that you never did anything but love me as your
son . . . ." McBride also attached an unsworn affidavit from Allen that states, in part:

 I am now an adult and of sound mind to present testimony to recant the
testimony that was improperly obtained when I was too young and afraid to
protest as a child without competent legal representation. I wrote my mother
a letter, to explain that I knew that she did not commit a serious crime, because
she has been restrained from contacting me. I am prepared and available to
testify in a writ hearing, with an affidavit, or however the court deems
appropriate.

In September 2005, the trial judge, Mark Nancarrow, found that McBride failed to sustain
her burden of proof and recommended denying relief. The habeas record was then forwarded
to this Court. 

 In October 2005, after conducting an independent review of the record, we concluded
that the trial judge's findings did not specifically address McBride's actual innocence claim. 
As a result, we remanded the case to the trial judge to determine whether Allen's recantation
was credible. In June 2006, a magistrate judge held a live evidentiary hearing on McBride's
actual innocence allegation. McBride, Allen, and Brigham testified.

 McBride testified that she did not remember making the signed confession because
she was under the influence of drugs and alcohol at that time. She indicated that she may
have signed it, but claimed that she did not understand what it said. She further stated that
the statement was not true and that she never sexually assaulted Allen. Finally, McBride
testified that she was initially classified by prison officials as being mentally retarded and
assigned to a special unit; however, she stated that she is no longer classified as mentally
retarded and has been placed in the general housing population.

 Allen testified that he told the police that McBride sexually assaulted him because
Brigham accompanied him to the police station and, as a result, he continued to fear for his
safety. Recalling his recantation at McBride's trial, Allen stated:

 when I came to court, my grandmother just told me that - - I wasn't scared
anymore. My grandmother, she would protect me, and she told me to just tell
the truth and I don't have to worry about nobody putting their hands on me or
nobody doing anything to me.

 So when I went to court, I had told them what I said was a lie.


Allen also maintained that McBride was convicted due to his lie and that she is innocent.

 Brigham admitted that Allen initially denied Brigham's claim that McBride sexually
abused him and that Allen relented only after Brigham became verbally aggressive toward
him. Brigham stated that Allen was scared of him and was nervous and crying when he told
Brigham about the sexual abuse. Contradicting Allen's testimony, Brigham testified that he
was not with Allen at the police station when Allen gave his statement to police. Brigham
testified that he told McBride's attorney that McBride was innocent before trial but when he
was called to testify, even though he wanted to tell the truth, he "just didn't." Brigham stated
that he also called McBride's attorney after the trial to tell him that he had lied but counsel
told him that it was "too late. It was over." 

 After the evidentiary hearing, Judge Nancarrow issued identical findings and
conclusions as those issued in September 2005. We remanded the case for a second time,
ordering the trial judge to make findings on whether the complainant's recantation was
credible. While this case was pending in the trial court, a new judge was elected to preside
over the 204th District Court. In March 2008, the new trial judge entered findings and
conclusions. The newly-elected trial judge, following a review of the transcript from the writ
hearing, determined that Allen's recantation is credible. The judge also found that Brigham's
testimony at the hearing was credible "based on the explicit detail of how he may have
improperly influenced the testimony of the complainant." Based on these findings, the trial
judge concluded that McBride sustained her burden and recommended that we grant relief
based on actual innocence. And, finding that there is no evidence in the record that McBride
was timely advised of her right to appeal, the trial judge recommends granting McBride an
out-of-time appeal.

II.

 We have long recognized the cognizability of bare claims of actual innocence in non-capital cases on habeas because the punishment of an innocent person violates the Due
Process Clause to the United States Constitution. (1) A bare claim of actual innocence is based
on the discovery of new evidence. (2) Evidence is not newly-discovered if it was available at
the time of trial or post-trial motions. (3) To be entitled to relief on a bare actual innocence
claim, a habeas applicant "must show by clear and convincing evidence that no reasonable
juror would have convicted him [or her] in light of the new evidence." (4) When reviewing
bare actual innocence claims, this Court is the ultimate fact-finder; however, this Court is
free to accept the findings of fact made by the trial judge when those findings are supported
by the record. (5) 

 With regard to Allen's habeas recantation, it is not, on its own, newly discovered
evidence of actual innocence under our habeas jurisprudence. Allen recanted the allegation
of sexual abuse against McBride when he testified at her trial. (6) McBride fails to allege, and
the record fails to demonstrate, how Allen's habeas recantation substantively differs from his
trial testimony. And although Allen's habeas testimony included information about the
circumstances under which the allegation was first made, the substance of both recantations
is the same--that he lied to Brigham and the police when he accused his mother of sexual
abuse. Thus, the habeas recantation, which was previously rejected by the jury at McBride's
trial, does not constitute evidence that was previously unavailable to McBride. Further, the
notion that Allen's habeas testimony regarding the circumstances under which he first made
his allegation should be viewed as additional evidence of actual innocence must be
dismissed. McBride has neither alleged nor shown that Allen did not testify similarly at
McBride's trial. Further, McBride has failed to make the trial record available on habeas;
therefore, this Court cannot make any comparison between Allen's trial testimony and
Allen's habeas testimony. (7) Accordingly, Allen's habeas recantation, standing alone, should
be excluded from consideration as evidence of actual innocence in this proceeding. 

 However, the question remains as to whether Allen's recantation may be viewed as
supported by new and compelling evidence on habeas by virtue of Brigham's habeas
testimony. (8) Arguably, Brigham's habeas testimony may be regarded as sufficient to permit
this Court to consider Allen's recantation as support for McBride's claim of actual
innocence. At the habeas hearing, Brigham stated that he did not testify truthfully at trial. 
Additionally, Brigham's testimony about the circumstances under which Allen's allegation
of sexual abuse was made may, to some degree, constitute new evidence that strengthens the
veracity of Allen's recantation. Nevertheless, we are compelled to conclude that, even if
Allen and Brigham's testimony is determined to be credible and Brigham's testimony is
sufficient to require this Court to consider Allen's recantation anew as part of McBride's
actual innocence claim, McBride has not met her burden. When the available inculpatory
evidence, in particular, McBride's confession, which she has never formally challenged via
a motion to suppress or on habeas, is weighed against the evidence of innocence presented
on habeas, it cannot be said that no reasonable juror would convict McBride in light of the
new evidence. As recognized by the Supreme Court of the United States, "A defendant's
confession is 'probably the most probative and damaging evidence that can be admitted
against him . . . .'" (9) Based on the record before the Court, relief is denied. 

 Finally, we conclude that McBride is not entitled to an out-of-time appeal despite the
newly-elected trial judge's recommendation otherwise. McBride's attorney submitted a
sworn affidavit stating that he admonished McBride about her appellate rights. We find, as
Judge Nancarrow did, that the attorney's affidavit is credible. Having established that
McBride knew of her right to appeal, the record does not establish that McBride informed
her trial attorney or the trial judge that she wanted to perfect an appeal. In the absence of any
indication that McBride wanted to appeal at the time of her conviction, it cannot be said that
her trial attorney rendered ineffective assistance for failing to file a notice of appeal. (10) 


DATE DELIVERED: June 18, 2008

DO NOT PUBLISH

 

 

 
1. Ex parte Elizondo, 947 S.W.2d 202, 205 (Tex. Crim. App. 1996).
2. Ex parte Brown, 205 S.W.3d 538, 544 (Tex. Crim. App. 2006). 
3. Id. at 545.
4. Ex parte Elizondo, 947 S.W.2d at 209.
5. Ex parte Thompson, 153 S.W.3d 416, 417-18 (Tex. Crim. App. 2005). 
6. See Ex parte Brown, 205 S.W.3d at 547-49. 
7. Ex parte Thompson, 153 S.W.3d at 427 (Cochran, J., concurring).
8. See Ex parte Brown, 205 S.W.3d at 546-47.
9. Arizona v. Fulminante, 499 U.S. 279, 292 (1991) (quoting Cruz v. New York,
481 U.S. 186, 195 (1987) (White, J., dissenting)). 
10. See Ex parte Mandonado, 688 S.W.2d 114, 116 (Tex. Crim. App. 1985).