IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,104-01






EX PARTE JAKE AARON STRICKLAND, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. C396-008279-0915407-A IN THE 396TH JUDICIAL DISTRICT COURT


FROM TARRANT COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to thirty-five years' imprisonment. The Second Court of Appeals affirmed his conviction.
Strickland v. State, No. 02-04-00557-CR (Tex. App. - Fort Worth, March 30, 2006, pet. ref'd). 

 Applicant contends, inter alia, that the trial court denied him due process by denying a
request for a jury charge on the lesser-included offense of intoxication manslaughter, and that his
appellate counsel rendered ineffective assistance because counsel failed to raise the denial of such
a charge as error on direct appeal. Appellate counsel has provided an affidavit responding to
Applicant's allegations, but the affidavit does not specifically address this claim.

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Maldonado, 688
S.W.2d 114, 116 (Tex. Crim. App. 1985); Strickland v. Washington, 466 U.S. 608 (1984); Ex parte
Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial
court is the appropriate forum for findings of fact. The trial court shall provide Applicant's appellate
counsel with the opportunity to respond to Applicant's claim of ineffective assistance of counsel. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall supplement the habeas record with copies of the appellate briefs in this
case. The trial court shall then make findings of fact as to whether the trial court's denial of the
defense request for a lesser included offense charge so infected the entire trial that the resulting
conviction violates due process, and as to whether the absence of such a charge denied Applicant a
fair trial. The trial court shall also make findings as to why appellate counsel failed to raise the
denial of a lesser included offense instruction on direct appeal. The trial court shall make findings
of fact as to whether the performance of Applicant's appellate attorney was deficient and, if so,
whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: May 13, 2009

Do not publish