IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,495-02






EX PARTE HERMAN JACKSON, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 912448 IN THE 228TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to eighteen years' imprisonment. He did not appeal his conviction.

 Applicant contends that trial counsel rendered his guilty plea involuntary. The trial court
made findings of fact and conclusions of law and recommended that we grant relief. We believe that
the record is not sufficient to resolve Applicant's claim.

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first determine whether Applicant has pleaded sufficient facts
demonstrating that counsel rendered his plea involuntary. (1) Ex parte Maldonado, 688 S.W.2d 114, 
116 (Tex. Crim. App. 1985) ("In a postconviction collateral attack, the burden is on the applicant
to allege and prove facts which, if true, entitle him to relief"). If the trial court finds that Applicant
has pleaded sufficient facts, it shall then determine who was counsel of record. (2) The trial court shall
then order counsel of record to respond to Applicant's specific claims. Finally, the trial court shall
determine whether counsel rendered Applicant's plea involuntary. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: February 8, 2012

Do not publish
1. In its findings and conclusions, the trial court stated that Applicant "has affirmatively
demonstrated that he was harmed when trial counsel failed to conduct an in depth investigation,
failed to interview or call witnesses, failed to hire an investigator, failed to interview any of the
state's witnesses, failed to adequately explain the law and facts of his case, and failed to advise
him of his right to appeal." We, however, are not able to determine from Applicant's pleadings
what witnesses were available and what they would have told counsel; what law and facts
counsel did not adequately explain to Applicant; and how an investigation would have affected
Applicant's decision to plead guilty.
2. The record before this Court suggests that Rachel Capote Bristow was counsel of record.
She signed the plea papers, her name is listed on the judgment and docket sheet, and Applicant
mentioned her name in his application.