IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-76,754-02 AND WR-76,754-03






EX PARTE RICHARD P. ESCH, Applicant








ON APPLICATION FOR WRITS OF HABEAS CORPUS


CAUSE NO. 2006-412999 IN THE 364TH DISTRICT COURT


FROM LUBBOCK COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court these applications for writs of habeas
corpus. Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was
convicted of injury to a child and sentenced to fifty-five years' imprisonment. The Court of
Appeals affirmed the conviction in an unpublished opinion. Esch v. State, No.
07-09-00308-CR (Tex. App. - Amarillo del. Oct. 12, 2010). 



 Applicant filed an initial writ application with the convicting court requesting an
out-of-time petition for discretionary review on November 2, 2011 (trial cause no. 2006-412999-A; CCA no. 76,754-01). This application was received by this Court on November
14, 2011, and relief was denied by this Court on December 21, 2011. Before the initial writ
was disposed of, Applicant, through habeas counsel, filed a second writ application on
November 10, 2011, challenging the conviction (trial cause no. 2006-412999-B; CCA no.
76,754-02). A week later, on November 17, 2011 and still before the initial writ was finally
disposed, Applicant filed another writ application challenging the conviction, which was
filed pro se (trial cause no. 2006-412999-C; CCA no. 76,754-03). The second and third writ
applications were received by this Court on January 3, 2012.

 The trial court recommends dismissing the second and third writ applications as
premature because they were both filed during the pendency of the initial writ application.
In the past, this Court has not dismissed such applications as prematurely filed but has
considered them as supplements or amendments to the initial writ application. See, e.g., Ex
parte Owens, 206 S.W.3d 670 (Tex. Crim. App. 2006). These two writ applications should
therefore have been considered part of the initial writ proceeding and should not be dismissed
as premature.

 The writ application filed by habeas counsel (trial cause no. 2006-412999-B; CCA no.
76,754-02) raised an ineffective assistance of trial counsel (IAC) claim. It alleges IAC for
failing to consult with and call at trial medical experts who would have testified the injuries
to the child were the result of natural phenomena and not from Applicant's actions. An actual
innocence claim and a sufficiency claim are also raised in the attorney writ application based
on the same evidence. The application, however, is not compliant with the appellate rules
because multiple grounds are raised on a single page. See Tex. R. App. Proc. 73.1 and 73.2.
The claims in this writ application are therefore not being considered by this Court in their
current presentation, and this writ application (trial cause no. 2006-412999-B; CCA no.
76,754-02) is dismissed as non-complaint.

 The writ application filed pro se is compliant (trial cause no. 2006-412999-C; CCA
no. 76,754-03). It raises the same trial-IAC/medical-issue claim contained in the attorney writ
and it raises an additional IAC claim alleging appellate counsel should have raised the trial-IAC/medical-issue claims on direct appeal. Although the appellate-IAC claim is without
merit because the record does not appear to have been developed to raise the issues on direct
appeal, see Bone v. State, 77 S.W.3d 828 (Tex. Crim. App.2002); Ex parte Maldonado, 688
S.W.2d 114 (Tex. Crim. App. 1985), there are previously unresolved material issues of fact
remaining that concern the underlying trial-IAC/medical-issues claim. There is no response
from trial counsel regarding his investigation and trial strategy, and the findings do not
address the merits of the claim.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App.
2000). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall obtain an affidavit from Applicant's trial counsel
responding to the claims of ineffective assistance of trial counsel and explaining his trial
strategy and tactical decisions. In addition to obtaining this affidavit, the trial court may use
any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) to resolve disputed issues of
fact. In the appropriate case, the trial court may rely on its personal recollection. Id. If the
trial court elects to hold a hearing and if habeas counsel does not continue to represent
Applicant, the trial court shall determine whether applicant is indigent. If applicant is
indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent him at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact as to whether the performance of
Applicant's trial counsel was deficient and, if so, whether trial counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact
that it deems relevant and appropriate to the disposition of Applicant's claims for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact, shall be returned to this Court within 120 days of the date of
this order. Any extensions of time shall be obtained from this Court. 




Filed: February 8, 2012

Do not publish