55,243-03

DONALD JAY PRUITT
TDCJ-CID# 1057730
WILLIAM CLEMENTS UNIT
9601 SPUR 591
AMARILLO, TEXAS 79107


ABEL ACOSTA, CLERK
COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS
              78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 06 2015

Abel Acosta, Clerk

RE: WRIT NO. WR-55,243-03, EX PARTE DONALD JAY PRUITT.
    FILING OF MOTION.


Dear Honorable Clerk:

   Please find enclosed my, "MOTION REQUESTING COURT OF CRIMINAL
APPEALS TO ORDER TRIAL COURT TO DESIGNATE ISSUES TO BE RESOLVED
AND PREPARE PROPER FINDINGS OF FACTS AND CONCLUSIONS OF LAW RE-
GARDING APPLICANT'S WRIT OF HABEAS CORPUS PURSUANT TO THE PRO-
VISIONS OF § 11.07."

   Would you please see to it that this Motion gets attached to
my habeas application for presentation to the Honorable Justices.

   I thank you in advance for your time and attention in this
very important matter.

MOTION DENIED
DATE: 3·20·15
BY: PC

Sincerely yours,

Donald Jay Pruitt

Pro Se Representation

WRIT NO. WR-55,243-03

EX PARTE                         §        IN THE COURT OF

                                 §        CRIMINAL APPEALS

DONALD JAY PRUITT                §        AT AUSTIN, TEXAS


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MOTION REQUESTING COURT OF CRIMINAL APPEALS TO ORDER TRIAL

COURT TO DESIGNATE ISSUES TO BE RESOLVED AND PREPARE PROPER

FINDINGS OF FACTS AND CONCLUSIONS OF LAW REGARDING APPLICANT'S

WRIT OF HABEAS CORPUS PURSUANT TO THE PROVISIONS OF § 11.07

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


TO THE HONORABLE JUSTICES OF THE COURT OF CRIMINAL APPEALS:


COMES NOW, Donald Jay Pruitt, Applicant, pro se, and respect-

fully moves this Honorable Court to set aside the Clerk's Record

that has been fowarded to this Court, pursuant to Texas Code of

Criminal Procedure, Article 11.07, for failure to comply with Sec-

tion 3.(c) governing 11.07 proceedings.

Section 3(c) governing § 11.07 proceedings provides:

Within 20 days of the expiration of the time in which the
state is allowed to answer, it shall be the duty of the con-
victing court to decide whether there are controverted, pre-
viously unresolved facts material to the legality of the
applicant's confinement. Confinement means confinement for
any offense or any collateral consequence resulting from the
conviction that is the basis of the instant habeas corpus.
If the convicting court decides that there are no such issues,
the clerk shall immediately transmit to the Court of Criminal
Appeals a copy of the application, any answers filed, and a

certificate reciting the date upon which that finding was made. Failure of the court to act within the allowed 20 days shall constitute such a finding.

## ARGUMENTS & AUTHORITIES

Although the trial court acted within 20 days of the expiration of the time in which the state was allowed to answer. The trial court in the instant habeas corpus, decided that there are no controverted, previously unresolved facts material to the legality of applicant's confinement. The trial court then ordered the Clerk to transmit the entire habeas corpus record to this Court. Applicant requests that this Honorable Court set aside the Clerk's Record in the instant action and remand for proper findings of facts and conclusions of law pursuant to the provisions of § 11.07. Applicant will show the Court as follows:

On page one of Applicant's "MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR A WRIT OF HABEAS CORPUS PURSUANT TO TEXAS CODE OF CRIMINAL PROCEDURE 11.07." Applicant stated the following:

## REQUEST FOR EVIDENTIARY HEARING & EXPANSION OF THE RECORD

Applicant has presented this Honorable Court with controverted, previously unresolved issues of fact material to the legality of applicant's confinement, which, if true, entitle him to relief.

"In a post-conviction collateral attack, the burden is on the applicant to allege and prove facts which, if true, entitle him to relief." Ex parte Maldonado, 688 S.W.2d 114, 116 (Tex.Crim.App. 1985); Ex parte Richardson, 70 S.W.3d 865, 870 (Tex.Crim.App.2002); Ex parte Morrow, 952 S.W.2d 530, 534 (Tex.Crim.App.1997).

"It is the applicant's obligation to provide a sufficient record

that supports his allegations with proof by a preponderance (not beyond all reasonable doubt) of the evidence." Ex parte Chandler, 182 S.W.3d 350, 353 (Tex.Crim.App.2005).

Because the burden of proof is on the applicant and, the fact that the Court of Criminal Appeals does not hear evidence, only the trial court my conduct a hearing. Therefore, Applicant requests this Honorable Court to conduct a live evidentiary hearing.

********************

Applicant presented the following two Grounds For Relief in the instant case: (These were the only Grounds in the 11.07).

### GROUND ONE (VERBATIM)

APPLICANT'S COUNSEL WAS INEFFECTIVE IN FAILING TO CONDUCT A REASONABLE PRE-HEARING INVESTIGATION FOR MITIGATION EVIDENCE AND INTRODUCE SAME AT APPLICANT'S REVOCATION HEARING. THIS VIOLATED APPLICANT'S RIGHT TO COUNSEL, AS GUARANTEED BY AMENDMENTS 6 AND 14 TO THE U.S. CONSTITUTION. SEE WIGGINS V SMITH, 123 S.CT.2527 (2003); WILLIAMS V TAYLOR, 120 S.CT. 1495 (2000); STRICKLAND V WASHINGTON, 104 S.CT.2052 (1984).

### GROUND TWO (VERBATIM)

APPLICANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS OF LAW WHEN TRIAL COUNSEL ADAM REED FAILED TO CONVEY THE STATE'S TWO PLEA OFFERS. THIS VIOLATED APPLICANT'S RIGHT TO COUNSEL AND TO DUE PROCESS OF LAW, AS GUARANTEED BY AMENDMENTS 6, 5, AND 14 TO THE U. S. CONSTITUTION. SEE STRICKLAND V WASHINGTON, 104 S.CT. 2052 (1984); MISSOURI V FRYE, 132 S.CT. 1399 (2012); LAFLER V COOPER, 132 S.CT. 1376 (2012).

As illustrated above, Applicant's Grounds For Relief involve ineffective assistance of counsel claims. Applicant would argue to this Honorable Court, that when a convicting court is faced with ineffective assistance of counsel claims, this Court of Criminal Appeals requires the convicting court to either hold an evidentiary hearing, or, order the attorney to respond to the allegations set

forth in the habeas application. Cf., Ex parte Campos, 613 S.W. 2d 745 (Tex.Crim.App.1981).

Applicant would point out that this Court of Criminal Appeals has consistently held that when the trial court fails to designate the issues to be resolved in **ineffective assistance of counsel cases** that they will remand for further proceedings. See e.g., Ex parte Tate, 2006 WL 1173515 ("Remand was required for factual findings, in proceedings on application for writ of habeas corpus, where district court entered no findings of fact or conclusions of law, **and applicant's allegation of facts underlying his claim of ineffective assistance of counsel potentially entitled him to relief should allegations be true**"); See also Ex parte Manning, 2006 WL 1173174 ("Remand was required for additional factual findings, in proceedings on application for writ of habeas corpus, **where applicant alleged facts in support of his claim of ineffective assistance of counsel which, if true could entitle him to relief**").

In Applicant's 11.07, Applicant demonstrated, unquestionably, through the affidavits requesting that Applicant be granted clemency/commutation from the District Attorney (not an assistant district attorney) Clay L. Ballman, the trial court judge, Honorable John LaGrone, and even the Borger Police Department Chief, Jimmy Adams. The common denominator of the above stated, is that had Applicant's revocation counsel investigated the case and presented mitigation evidence, that the trial judge and district attorney would have moved to just modify Applicant's probation. Instead, Applicant was sentenced to 55-years, aggravated.

Moreover, plea counsel who was initially appointed in this case failed to convey to the Applicant that the State had made two plea offers and therefore, Applicant was deprived of the opportunity of accepting either offer which constitutes the requisite prejudice.

In the instant case, Applicant has presented facts that undeniably support his claims of ineffective assistance of counsel, which, are true, and entitle him to relief.

The district court's decision in the instant case <u>not</u> to find that Applicant had presented controverted, previously unresolved facts material to the legality of Applicant's confinement does not comply with Section 3(c) governing 11.07 proceedings and affects the integrity of the proceedings which requires this Honorable Court to set aside the Clerk's Record that has been filed with this Court and order the trial court judge to designate issues to be resolved and prepare a proper findings of facts and conclusions of law.

**WHEREFORE** based on the above, Applicant, Donald Jay Pruitt, urges this Honorable Court to grant this motion to set aside the Clerk's Record, and issue an order that the trial court designate issues to be resolved in compliance with Section 3(c), governing 11.07 proceedings.

Respectfully submitted on this _2_ day of _March_ , 2015.

Donald Jay Pruitt
Pro Se Representation