

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-92,185-01

### EX PARTE BILLY RAY SMITH, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 349CR-19-34064-A IN THE 349TH DISTRICT COURT
### FROM ANDERSON COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of driving while intoxicated and sentenced to seven years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant claims, among other things, that he involuntarily pled true to a motion to revoke his probation. Applicant offers evidence in support, which includes the written agreement on Applicant's plea. It has handwritten edits to the type written document changing the award of pre-sentence confinement credit from 914 to 91 days, with the specific dates indicated. It is not clear from the document or the habeas record when the edit was made and whether Applicant was aware of the edit. Applicant claims the time-credit award of 914 days induced him to agree to plead true.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Morrow*, 952 S.W.2d 530, 534 (Tex. Crim. App. 1997); *Ex parte Maldonado*, 688 S.W.2d 114, 116 (Tex. Crim. App. 1985). Accordingly, the record should be developed.  The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

The trial court shall order trial counsel to respond to Applicant's claim that the agreement was altered without Applicant's knowledge. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law resolving the disputed factual issue within ninety days from the date of this order. The trial court may make any other findings and conclusions that it deems appropriate. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed:    January 27, 2021
Do not publish