

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-92,799-01, WR-92,799-02, WR-92,799-03

### EX PARTE MALLORY VERNON NICHOLSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NOS. W82-87305-N(A), W82-78443-Y(A), & W82-87267-Y(A)
### IN THE 195TH DISTRICT COURT FROM DALLAS COUNTY

**YEARY, J., filed a dissenting opinion in which KELLER, P.J., joined.**

### <u>DISSENTING OPINION</u>

Applicant was convicted in 1982 of burglary of a habitation and two aggravated sexual abuse of a child offenses involving separate victims. He was then sentenced to eight years' imprisonment for the burglary and fifty-five years' imprisonment for each aggravated sexual abuse case, with all sentences running concurrently. The Fifth Court of Appeals affirmed his conviction in 1984. *Nicholson v. State*, Nos. 05-82-01307-CR; 05-82-01308-CR; 05-82-01309-CR (Tex. App.—Dallas Feb. 27, 1984, no pet.) (per curiam) (not designated for publication).

Applicant filed these applications for writ of habeas corpus in the county of conviction in 2021, alleging that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963),

and alternatively, that he received ineffective assistance of trial counsel. TEX. CODE CRIM. PROC. art. 11.07. Nearly forty years after his convictions, with the State's agreement and consistent with the trial court's recommended findings and conclusions, the Court summarily grants relief today on Applicant's *Brady* claim. Instead of granting relief, I would remand for further fact finding.

Both Applicant and the State agree that defense counsel filed a pre-trial Motion for Evidence Favorable to the Defendant, which was granted. This would appear to have required the State to disclose several items of exculpatory evidence, even as the law was well understood at the time of Applicant's trial, including: police reports documenting conversations with the victims which identified another suspect; sexual assault exam reports which noted a description of the assailant as a fourteen-year-old, whereas Applicant was thirty-five years old at the time; and prosecutor notes listing the assailant's hair length as short, which was inconsistent with Applicant's hair length. All of this would appear to have supported the defense's primary trial posture of mistaken identity. But there is no way to tell from the surviving record whether the State actually turned over the information to the defense pursuant to the order granting Applicant's *Brady* motion.

Applicant's trial counsel is now deceased, and his files have been destroyed. *See* Attachment H to Applicant's Memorandum of Law in Support of Application for Writ of Habeas Corpus (indicating defense counsel died in 1996, and his case files were destroyed in approximately 2006). The prosecutor whose responsibility it was to provide pre-trial discovery to the applicant's counsel is also deceased. *See* State's Exhibit 19 to State's Response to Application for Writ of Habeas Corpus. And the other prosecutor who worked on Applicant's case has no recollection any longer about whether appropriate discovery

was afforded. *See id*. ("I do not have any specific recollections of this case [and] I have no independent recollection of how discovery was done[.]").

Nevertheless, Applicant has the burden to both allege and *prove* facts which would entitle him to relief. *Ex parte Maldonado*, 688 S.W.2d 114, 116 (Tex. Crim. App. 1985). To succeed on a *Brady* claim, an Applicant must prove that *the State suppressed* material evidence favorable to him. *Harm v. State*, 183 S.W.3d 403, 406 (Tex. Crim. App. 2006). While the State has confessed error in this respect, this Court is not bound by that confession. *See Estrada v. State*, 313 S.W.3d 274, 286 (Tex. Crim. App. 2010) ("While the State's confession of error in a criminal case is important and carries great weight, we are not bound by it."); *Saldano v. State*, 70 S.W.3d 873, 884 (Tex. Crim. App. 2002) ("A confession of error by the prosecutor in a criminal case is important, but not conclusive[.]"). That principle is even more compelling in the context of a post-conviction writ of habeas corpus, in which "this Court is the ultimate fact-finder[,]" *Ex parte Navarijo*, 433 S.W.3d 558, 567 (Tex. Crim. App. 2014), and when the confession of error is based on speculation.

Perhaps it could be argued that the fact that defense counsel did not use the aforementioned exculpatory evidence at trial supports the conclusion that a *Brady* violation occurred. The argument would go that defense counsel did not use the evidence to his advantage at trial, and it appears it may have been helpful, so it must not have been available for him to use. But in this writ application Applicant has also raised a parallel claim that he received ineffective assistance of counsel, and this Court does not grant relief on that claim. The Court has suggested in the past that, ordinarily, relief should not be granted on a claim of ineffective assistance until trial counsel has been given an opportunity to rebut or affirm a claim that he performed deficiently. *Bone v. State*, 77 S.W.3d 828, 836

(Tex. Crim. App. 2002); *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). But it has already been established that trial counsel in this case is now deceased, and his files have been destroyed. So, we do not have him or his papers to consult.

Applicant's ineffective assistance of counsel claim was not developed by the convicting court. If this Court were to address the ineffective assistance of counsel claim, at least on the record before us today, we would likely conclude that relief should be denied because trial counsel may—for some reason quite unknown to us today—have chosen not to use the information. Why then do we not apply at least a parallel presumption in the context of Applicant's claimed *Brady* violation? Should we not conclude, in light of the presumption that trial counsel's choices were appropriate decisions based on sound trial strategy, that his failure to pursue that theory is only evidence that he reasonably chose not to pursue it, rather than some evidence that he did not possess the ability to do so because the evidence had not been disclosed? Something about all this seems amiss to me.

It is true that, on the record before us, it looks like there is a very good chance that Applicant's trial was unfair. Evidence has now been discovered in the possession of the State that at least could potentially have been very helpful to the defense had it been properly turned over to defense counsel. But counsel did not use that evidence to his advantage at trial. One could appropriately conclude that the record of this case looks—well—fishy. So, what is to be done about that?

Some might look at the situation facing the Court in this case and say the risk that an injustice has been done is too great, and the State and the convicting court have agreed to undo the judgment, and ask: Why not just do what the parties have asked and grant relief? But are we to adopt that formally as a new avenue for relief generally? Will it now

be the case that, whenever a very old conviction is discovered in which things look fishy, and we suspect that the defendant may not have had a fair trial, but where the trial participants are deceased and can no longer provide good information about why the record looks the way it does, then we will grant relief, at least as long as the State and the convicting court agree? I do not think that is the Court's intent.

Still, there is more that could be pursued in this case that might bring the correct answer to either or both of Applicant's claims into better focus. So far as I can tell from the record before us, the victims have not been pursued or asked to weigh in about the information that is claimed to be newly disclosed. Since they were both children at the time of this offense, there is reason to suspect that they might still be alive and able to provide testimony or evidence that would be relevant to our decision. For example, they might clarify what they would have said at trial, or how they would have responded, had they been confronted with the fact that they originally claimed to investigators that someone other than Applicant actually committed the crime.

Because I believe that, on this record, Applicant has failed to establish either his *Brady* claim or his ineffective assistance of counsel claim, I would remand with instructions to the trial court and the parties to develop the record with respect to the current availability and potential observations of the victims in this case. Because the Court chooses instead to grant summary relief on a nearly forty-year-old judgment based only upon suspicions and speculation, as well as on the agreement of the parties and the convicting court, I must respectfully dissent.

FILED:                          November 10, 2021
PUBLISH