

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. WR-79,153-05, WR-79,153-06, & WR-79,153-07

## EX PARTE CLAUDE WAYNE CHADWICK, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. A-04-0091-S-W-2, A-04-0090-S-W-2, A-04-0090-S-W-3
### IN THE 51ST DISTRICT COURT
### FROM TOM GREEN COUNTY

*Per curiam*. YEARY, J., filed a concurring opinion in which SLAUGHTER, J., joined.

### O R D E R

Applicant was convicted of attempting to take a weapon from a peace officer and assault on a public servant. He was sentenced to twenty years' imprisonment and fifty years' imprisonment, respectively on each offense, to run concurrently. The Third Court of Appeals affirmed his convictions. *Chadwick v. State*, Nos. 03–07–00586–CR & 03-07-00587-CR (Tex. App.—Austin 2009). Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that trial counsel and appellate were ineffective. Applicant also contends that the trial judges were biased and engaged in judicial misconduct,

including scheming to have Applicant's defensive evidence excluded and Applicant's convictions affirmed on appeal. Applicant also alleges that he was incompetent to stand trial and that everyone involved in the case conspired against him. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Smith v. Robbins*, 528 U.S. 259 (2000); *Ex parte Miller*, 330 S.W.3d 610 (Tex. Crim. App. 2009); *Ex parte Maldonado*, 688 S.W.2d 114, 116 (Tex. Crim. App. 1985). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel, Thomas Williams and John Young, and appellate counsel, Erika Copeland, to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsels' performances were deficient and Applicant was prejudiced. The trial court shall also make specific findings as to whether trial counsel investigated Applicant's claims that Deputy Sheriff Jerry Rychlik had previously worked for Applicant and had threatened to kill Applicant. The trial court shall make findings of fact and conclusions of law as to whether appellate counsel's performance was deficient and Applicant was prejudiced. The trial court shall also make specific findings as to whether Applicant was incompetent to stand trial; whether the people/agencies involved in this case, including the Tom Green Sheriff's Department and the Texas Department of Health and Services,

conspired against Applicant; and whether Judges Liefete and Jordan were biased and engaged in judicial misconduct. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: MARCH 2, 2022
Do not publish