

# In the Court of Criminal Appeals of Texas

Nos. WR-93,525-01, -02, -03, -04

## EX PARTE ERIC DEWAYNE HUNT,

*Applicant*

On Applications for Writs of Habeas Corpus
In Cause Nos. C-432-W012070-1633905-A,
C-432-W012071 1633909-A, C-432-W012072-1633913-A,
C-432-W012073-1633916-A in the 432nd District Court
Tarrant County

YEARY, J., filed a dissenting opinion.

Today the Court grants Applicant relief on these four forgery convictions on the theory that his guilty pleas were involuntarily obtained. The Court concludes that they were involuntary because of a subsequent judicial construction of the relevant penal provisions. The

convicting court did not recommend that we conclude that guilty-plea counsel was constitutionally ineffective, given the uncertainty in the law at the time of the plea.[1] But it did recommend that we conclude that the plea was involuntary because it was based on the parties' mutual misunderstanding of the law. Although both Applicant and the State are content that we follow this recommendation, I am not.

## I. BACKGROUND

Applicant was charged by separate indictments with four instances of forgery by check with intent to pass. TEX. PENAL CODE § 32.21(d) (establishing, subject to Subsection (e-1), forgery by check as a state-jail felony offense).[2] Pursuant to plea agreements, in August of 2020, Applicant pled guilty to each offense and true to two prior felony convictions, which enhanced his range of punishment for each offense to that of a second-degree felony. *Id.* § 12.425(b) (enhancing penalties for repeat and habitual felony-offenders on trial for state-jail felony

---

[1] The Court has often declared that trial counsel cannot be constitutionally faulted for failing to accurately anticipate how unsettled law will ultimately be resolved. *E.g.*, *Ex parte Chandler*, 182 S.W.3d 350, 359 (Tex. Crim. App. 2005); *Vaughn v. State*, 931 S.W.2d 564, 567 (Tex. Crim. App. 1996).

[2] Each indictment charges that, in August of 2019, Applicant:

> DID INTENTIONALLY, WITH INTENT TO DEFRAUD OR HARM ANOTHER, POSSESS WITH INTENT TO PASS, A FORGED WRITING KNOWING SUCH WRITING TO BE FORGED, AND SUCH WRITING HAD BEEN SO MADE THAT IT PURPORTED TO BE THE ACT OF ROBIN FLORES, A REPRESENTATIVE OF NETSPEND CORPORATION WHO DID NOT AUTHORIZE THE ACT, AND SAID WRITING WAS A CHECK OF THE TENOR FOLLOWING[.]

Each indictment then included a picture of the relevant, allegedly forged instrument.

offenses). In accordance with the plea agreements, the trial court sentenced Applicant to four concurrent sentences of three years' imprisonment. He did not appeal.

In December of 2021, Applicant filed applications for writs of habeas corpus in the county of conviction. TEX. CODE CRIM. PROC. art. 11.07. In his applications, he alleges four grounds for relief: involuntary plea, trial court error, ineffective assistance of trial counsel, and prosecutorial error.

The convicting court has recommended that this Court grant Applicant relief. It bases that recommendation on a pair of decisions from the Sixth Court of Appeals, both of which were decided after Applicant's pleas, in November of 2020. In the convicting court's view, these two decisions called into question whether Applicant's offenses were properly classified as state-jail felonies. *See Lennox v. State*, 613 S.W.3d 571 (Tex. App.—Texarkana 2020), *vacated and remanded sub nom. Green v. State*, 682 S.W.3d 253 (Tex. Crim. App. 2024); *State v. Green*, 613 S.W.3d 597 (Tex. App.—Texarkana 2020), *vacated and remanded*, 682 S.W.3d 253 (Tex. Crim. App. 2024).[3] Without waiting for this Court to issue its opinions on discretionary review in those cases, the convicting court found that "Applicant's pleas were not truly voluntary because he did not possess a complete understanding of the law in relation to the facts[,]" citing *Ex parte Mable*, 443 S.W.3d 129, 131 (Tex. Crim. App. 2014). These cases were then forwarded to this Court.

---

[3] This Court consolidated *Green* and *Lennox* and granted review on February 24, 2021. On January 19, 2022, the convicting court entered its findings and order. This Court issued its opinion on discretionary review on January 17, 2024. *See Green v. State*, 682 S.W.3d 253 (Tex. Crim. App. 2024).

Before ruling on the merits, however, this Court remanded the cases to the convicting court for additional fact-finding proceedings. *Ex parte Hunt*, Nos. WR-93,525-01 thru WR-93,525-04, 2024 WL 1433522 (Tex. Crim. App. Apr. 3, 2024) (ord., not designated for publication). The cases are now back before the Court after remand.

The Court today grants Applicant relief on the basis that his guilty pleas were involuntary, citing *Mable*. For two reasons, I cannot join the Court.

## II. APPLICANT'S PLEAS WERE NOT INVOLUNTARY

The notion that Applicant's pleas were entered involuntarily apparently stems from the fact that, at the time he pled, both Applicant and the State were unaware that the statute under which he was convicted would later be construed in such a way that might render him guilty only of a lesser offense. *See Green*, 682 S.W.3d at 278–79 (Tex. Crim. App. 2024) (explaining how to determine whether a forgery should be charged as a felony or misdemeanor). According to this rationale, Applicant pled guilty in ignorance of a crucial piece of information that, had he known, he would surely not have entered the plea that he did. The Court explicitly relies upon *Mable* for this proposition. Majority Opinion at 2.

But as I have steadfastly argued, *Mable* was wrongly decided and should be overruled for the reasons articulated by Judge Keasler's concurring opinion in *Ex parte Saucedo*, 576 S.W.3d 712, 712–22 (Tex. Crim. App. 2019) (Keasler, J., concurring), and in my concurring opinion in *Warfield*, 618 S.W.3d 69, 72–75 (Tex. Crim. App. 2021) (Yeary, J., concurring). I reaffirm my belief today, again, that this Court should

overrule *Mable* because it stands for the erroneous proposition that subsequent factual developments, without any "suggestion that [the applicant] was fraudulently misled or coerced into pleading guilty or that his plea counsel was ineffective[,]" may *retroactively* render an applicant's plea of guilty involuntary. *Saucedo*, 576 S.W.3d at 721 (Keasler, J., concurring). In my view, "so long as an accused enters a guilty plea with an awareness of what he does not know, it cannot be said that he pled involuntarily." *Warfield*, 618 S.W.3d at 72 (Yeary, J., concurring) (quoting *Saucedo*, 576 S.W.3d at 719 (Keasler, J., concurring)). Consequently, though an applicant may be entitled to relief for other reasons, I would not grant any applicant relief under *Mable*—to do so would propagate an opinion that ought to be abandoned.

## III. APPLICANT HAS NOT SHOWN HE IS GUILTY ONLY OF A LESSER OFFENSE

Has Applicant otherwise shown that, because of our subsequent construction of the relevant penal provisions, it has become clear that he pled guilty to a greater offense than he committed, in violation of due process? If so, I might agree that he would be entitled to relief on the basis that he is "absolutely innocent" of the greater offense, and only guilty of a lesser-included offense. *Warfield*, 618 S.W.3d at 74−5 (Yeary, J., concurring). But I do not believe Applicant has made the necessary showing to obtain relief on this theory of due process either.

Applicant was charged under Section 32.21(d) of the Penal Code, which provides: "Subject to Subsection (e-1), an offense under this section is a state jail felony if the writing is or purports to be a . . . check[.]" TEX. PENAL CODE § 32.21(d). Subsection (e-1) provides that:

> If it is shown on the trial of an offense under this section

that the actor engaged in the conduct to obtain or attempt to obtain a property or service, an offense under this section is: . . . (2) a Class B misdemeanor if the value of the property or service is $100 or more but less than $750.

*Id.* § 32.21(e-1). The Court was recently called upon to determine under which subsection of Section 32.21 an accused should be charged when the facts of the offense fall under both the "value ladder" provision of Subsection (e-1) and the "type-of-writing provisions" of Subsections (d) and (e). *Green*, 682 S.W.3d at 256–57. The Court construed the statute to mean that "whenever the triggering terms in subsection (e-1) are satisfied (i.e., the defendant engaged in the forgery 'to obtain or attempt to obtain a property or service'), the offense classifications in subsection (e-1) must control over those in subsections (d) and (e) in the event of a conflict." *Id.* at 278.

Moreover, in *Green*, the Court held that "subsection (e-1) sets forth an element of a distinct forgery-to-obtain-property-or-services offense." *Id.* at 264. In other words, to obtain a conviction under Subsection (e-1), the State must prove the defendant's intent was "to obtain or attempt to obtain a property or service" as an element of the offense. *See* TEX. PENAL CODE § 32.21(e-1). However, the Court also said that when the State seeks a conviction under (d) or (e), the language of those subsections "does not require the State to negate the applicability of subsection (e-1)." *Id.* at 279. Rather, at least the burden of production, if not also the burden of persuasion, apparently falls on the defendant to prove his entitlement to prosecution under (e-1), as evidenced by our statement in *Green* that, "if the defendant believes that he is being prosecuted under the wrong subsection and is instead entitled to be

prosecuted under the value ladder, he may raise such a claim in the trial court and/or on appeal[.]" *Id.*

In this case, there is no dispute that Applicant forged four writings which purported to be checks—apparently checks made payable to himself which "purported to be the act of Robin Flores, a representative of NetSpend Corporation[.]" *See* note 2, *ante*; TEX. PENAL CODE § 32.21(d) (making the offense a state-jail felony when the writing is a "check"—"Subject to Subsection (e-1)"). There is also no dispute that each forged check was for an amount between $100 and $750. *See id.* § (e-1)(2). The only question, then, is whether it has been "shown on the trial of [the] offense . . . that [Applicant] engaged in the conduct to obtain or attempt to obtain a property or service[.]" *Id.* § (e-1).

I am not convinced that, even if this case were on direct appeal, the current record would justify relief—much less on post-conviction applications for writs of habeas corpus in which Applicant bears the burdens of both production and persuasion. *See Ex parte Maldonado*, 688 S.W.2d 114, 116 (Tex. Crim. App. 1985) ("In a postconviction collateral attack, the burden is on the applicant to allege and prove facts which, if true, entitle him to relief."). That is, I am not persuaded that forging checks made out to himself constituted an attempt by Applicant to obtain property or services within the meaning of Section 32.21(e-1).[4]

---

[4] I am aware of the fact that the Legislature has recently amended Section 32.21 to include Section (f-1), which provides that, "For purposes of Subsection (e-1), it is presumed that a person in possession of money that is forged within the meaning of Subsection (a)(1)(A) intended to obtain a property or service of a value equal to the total purported value of the forged money." TEX. PENAL CODE § 32.21(f-1); *see* Act of May 9, 2023, 88th Leg., R.S., ch. 132, § 1. But this subsection had not been enacted at the time of Applicant's offense.

On remand, it was shown for the first time that Applicant did, in fact, use the forged checks in this case to obtain money. An arrest warrant affidavit was admitted into the record on remand showing that after Applicant deposited the checks into various accounts, he then withdrew most of the funds in cash. But these facts do not appear among the plea papers in the habeas corpus record. They come too late to satisfy Applicant's burden to raise an issue at the trial court level with respect to whether he should properly have been prosecuted under subsection (e-1) of the statute. According to the Court's construction in *Green*, the State was entitled to proceed under subsection (d) absent such a showing on the *appellate* record. *Green*, 682 S.W.3d at 279. Consequently, I do not believe Applicant has demonstrated that his convictions under Subsection (d) have "been held inapplicable" by our decision in *Green*. To grant Applicant relief, therefore, conflicts with the Court's construction of Section 32.21 in *Green*.[5]

## IV. CONCLUSION

Applicant's decision to plead guilty was not involuntary simply because he was unaware that the Court would later construe Section 32.21 of the Penal Code to mean that he *might* be entitled to relief. Furthermore, the appellate record in this case does not support granting Applicant relief under the Court's decision in *Green*. Yet the Court still

---

And in any event, the "writings" that were alleged to have been forged in these cases were checks, not forged money.

[5] Does the Court mean to abrogate the burden-assigning language from *Green*, or perhaps overrule *Green* entirely? It does not say. But its action today certainly calls into question the *Green* opinion.

grants Applicant relief, even without really explaining why Applicant is entitled to it.

For these reasons, I respectfully dissent.

**FILED:**                                           September 4, 2024
**PUBLISH**