No. _____

IN THE

COURT OF CRIMINAL APPEALS

IN RE CANDY HILL HUGHES

75,964-02

## MOTION FOR LEAVE OF COURT TO FILE A WRIT OF MANDAMUS   (PRO SE)

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Candy Hill Hughes, who files this motion and will show the following:

(1)   That Mr.Hughes request to file a writ of mandamus in this court.

(2)   That this court grant Mr.Hughes motion for leave in order for him to file his writ of mandumas.

Wherefore Mr.Hughes prays that this Honorable Court Grants his motion for leave of court to file a writ of mandamus.

Respectfully Submitted:

Candy Hill Hughes#1596685
Hughes Unit
RT.2 Box 4400
Gatesville,Texas.76597
U.S.A

X _Candy Hill Hughes_

DATE: 12-8-2015

12-8-2015 C.H.H

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 10 2015

Abel Acosta, Clerk

| | |
|---|---|
| Candy Hill Hughes | IN THE 230TH JUDICIAL |
| TDCJ-ID# 1596685 , | |
| RELATOR | |
| v. | DISTRICT COURT OF |
| Chris Daniel COUNTY DISTRICT CLERK: | |
| IN HIS OFFICIAL CAPACITY, | |
| RESPONDENT | HARRIS COUNTY, TEXAS |

A.    PLAINTIFF'S ORIGINAL APPLICATION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Candy Hill Hughes ,Relator, pro se in the above-styled and numbered cause of action and files this Original Application For Writ of Mandamus, pursuant to Article 11.07 Sec. 3(c) of the Texas Code of Criminal Procedure, and would show the Court the following:

1.

B.    RELATOR

1.01 Candy Hill Hughes ,TDCJ# 1596685 is an offender incarcerated in the Texas Department of Criminal Justice and is appearing pro se, who can be located at Hughes Unit Rt.2 Box 4400 Gatesville,Texas.76597.

1.02 Relator has exhausted his remedies and has no other ade adequate remedy at law.

1.03 The act sought to be compelled is ministerial, not discretionary in nature. TCCP Art. 11.07 Sec. 3(c) requires Respondent to immediately transmit to the Court of Criminal Appeals a copy of the application for writ of habeas corpus any answers filed, and a certificate reciting the date upon which that finding was made, if the convicting court decides that there are no issues to be resolved. No copy of the application for writ of habeas corpus, any answers filed, and

1

a certificate reciting the date upon which that finding was made have been transmitted to the Court of Criminal Appeals. Had such documents been transmitted to the Court of Criminal Appeals by Respondent as required by statute, Relator would have received notice from the Court of Criminal Appeals.

2.

C. RESPONDENT

2.01 Respondent, Chris Daniel ,in his capacity as District Clerk of Harris County,Texas has a ministerial duty to receive and file all papers in a criminal proceeding, and perform all other duties imposed on the clerk by law pursuant to TCCP Art.2.21, and is responsible under TCCP 11.07 Sec. 3(c) to immediately transmit to the Court of Criminal Appeals a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made if the convicting court decides that there are no issues to be resolved. Chris Daniel , District Clerk, Harris County may be served at his place of business at 1201 Franklin Street (77210) Houston,TX....

3.

D. VIOLATION OF ART. 11.07 OF THE TEXAS CODE OF CRIMINAL PROCEDURE

3.01 The Respondent violated Article 11.07 Sec. 3(c) of the Texas Code of Criminal Procedure by failing to provide a copy of the applica application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals within the time prescribed by law and within a reasonable time from the date on which the documents were requested to be transmitted.

3.02 Requests for the transmittal of the application for writ of habea habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made by Relator to Chris Daniel District Clerk, Harris County, by mailed letters dated 11-13-2015

2

11-21-15 ;pursuant to Art. 11.07 Sec. 3(c) of the Code of Criminal Procedure. True and accurate copies of the above letters are attached hereto as Exhibit"A" through "B" and are also incorporated by reference herein for all purposes.

3.03 To date, Relator has received no response from Respondent regarding Relator's request for transmittal of a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals.

3.04 As is clear from Relator's letters, Relator has repeatedly put Respondent on notice that Relator seeks the transmittal of a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that findin was made to the Court of Criminal Appeals and that such records are required by the Court of Criminal Appeals to act on Relators writ of habeas corpus. Relator has gone well beyond any requi requirement or obligations imposed upon him by the Texas Code of Criminal Procedure. In contrast to Relator's efforts, Respondent has wholly failed to comply with the Texas Code of Criminal Procedure, Art. 11.07 Sec. 3(c), is acting in bad faith, and has also failed to afford Relator the professional and common co courtesy of any written responses to his correspondence and reque requests.

3.05 Art. 11.07 Sec. 3(c) clearly states that "[i]f the convicting court decides that there are no such issues, the clerk shall immediately transmit to the Court of Criminal Appeals a copy of the application, any answers filed, and a certicate reciting the date upon which that finding was made. Failure of the court to act within the allowed 20 days shall constitute such a finding

3

Texas Code of Criminal Procedure Art. 11.07 Sec. 3(c). a Respondent is in violation of this procedure, ministerial duties, and thus the laws of this state.

4.

D. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Relator, Candy Hill Hughes pro se, respectfully requests a finding that the Respondent did not transmit documents to the Court of Criminal Appeals within a reasonable time after the date they were requested and that Relator brought this litigation in good faith and has substantially prevailed. Relator prays for an Order directing Respondent to transmit copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals as directed in Art. 11.07 Sec. 3(c) of the Texas Code of Criminal Procedure and as requested in Relators letters( Exhibit A-B).

Respectfully Submitted,

By: Candy Hill Hughes
RELATOR

UNSWORN DECLARATION OF INDEPENDENCE

I swear under the United States Constitution that the foregoing is true and correct: Executed on this 12-8-2015

12-8-2015  C.H.H

Candy Hill Hughes
Hughes Unit
Rt.2 Box 4400
Gatesville,Texas.76597
U.S.A

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above Application For Writ Of Mandamus was served on the Clerk of the Texas Court of Criminal Appeals by placing a copy in the U.S.mail on this the 8nd day of December 2015.

12-8-2015  C.H.H

Candy Hill Hughes
RELATOR

4

```
                    HUGHES   UNIT
                   RT.2 BOX 4400
                GATESVILLE,TEXAS.76597
```

HARRIS COUNTY DISTRICT CLERK
1201 FRANKLIN St.
P.O.BOX 4651
HOUSTON,TEXAS.77210-4651

NOVEMBER 13,2015

RE: CAUSE No.1169973-B
    (Ex Parte Candy Hill Hughes)

Dear,Clerk

This is to place you under notice that I have filed an application for writ of habeas corpus in the above entitled and numbered cause. It has been over (2) years since the date in which I filedthe application. Please forward my application for writ of habeas corpus to the Texas Court of Criminal Appeals.

My information is as follows. Thank you for your time in advance to this matter.

Best Regards: #159tt85
** _CANDY Hill Hughes_
(PRO SE)

Exhibit A

CANDY H. HUGHES
HUGHES UNIT
RT.2 BOX 4400
GATESVILLE,TEXAS.76597

HARRIS COUNTY DISTRICT CLERK
1201 FRANKLIN St.
P.O.BOX 4651
HOUSTON,TEXAS.77210-4651

NOVEMBER 21,2015

RE: CAUSE No.1169973-B
(Ex Parte Candy Hill Hughes)

Dear,Clerk

This letter is being written to inform you that this is my second request in having you forward my application for writ of habeas corpus to the Texas Court of Criminal Appeals please.

My information is as follows. Thank you for your time in advance to this matter.

Best Regards: #1591665

CANDY Hill Hughes

(PRO SE)

Exhibit B

Cause No. 1169973-B

| EX PARTE | § | IN THE 230th DISTRICT COURT |
|---|---|---|
| | § | OF |
| CANDY HILL HUGHES, Applicant | § | HARRIS COUNTY, TEXAS |

## STATE'S ORIGINAL ANSWER

The State of Texas, by and through its Assistant District Attorney for Harris County, files this, its original answer in the above-captioned cause, having been served with the original application for writ of habeas corpus, pursuant to TEX. CODE CRIM. PROC. art. 11.07 (West 2013), and would show the following:

I.

The applicant is confined pursuant to the judgment and sentence of the 230th District Court of Harris County, Texas, in cause number 1169973 (the primary case), where a jury convicted the applicant on August 17, 2009 of the felony offense of murder. The applicant also pled true to two enhancement paragraphs, which the jury found true. The court assessed punishment at confinement for sixty (60) years in the Texas Department of Criminal Justice – Institutional Division (TDCJ – ID).

FILED
Chris Daniel
District Clerk
NOV 2 5 2013
Harris County, Texas
By_____ Deputy

The First Court of Appeals issued an opinion affirming the applicant's conviction on October 11, 2012. *Wall v. State,* No. 01-11-00600-CR, 2012 WL 4857360 (Tex. App. – Houston [1st Dist.] October 11, 2012, pet. ref'd.).

## II.

The State denies the factual allegations made in the instant application, except those supported by official court records, and offers the following additional reply:

### Reply to the Applicant's First, Second, Third, Fourth, Fifth, Sixth, and Seventh Grounds for Relief

In his first, second, third, fourth, fifth, and sixth grounds for relief, the applicant claims that he was denied the effective assistance of counsel at trial. Specifically, the applicant claims trial counsel:

1. did not give the applicant a copy of his case file;

2. created a conflict of interest by agreeing to not give the applicant a copy of the offense report;

3. failed to subpoena Wesley Brown as a witness;

4. failed to make an opening statement;

5. failed to subpoena an expert to refute the medical examiner's testimony regarding the complainant's autopsy;

6. failed to invoke TEX. R. EVID. 614 ("the Rule") at trial; and

2

7. was generally ineffective.

*Writ Application* at 6-10, 6.[1]

The United States Supreme Court held in *Strickland v. Washington*, 466 U.S. 668, 686 (1984), that the benchmark for judging any claim of ineffective assistance of counsel is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. The Court in *Strickland* set forth a two-part standard, which has been adopted by Texas. *See Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). First, the defendant must prove by a preponderance of the evidence that counsel's representation fell below an objective standard of reasonableness. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002); *Narvaiz v. State*, 840 S.W.2d 415, 434 (Tex. Crim. App. 1992) (citing *Strickland v. Washington*, 466 U.S. at 688). Reasonably effective assistance of counsel does not require error-free counsel, or counsel whose competency is judged by hindsight. *Mercado v. State*, 615 S.W.2d 225, 228 (Tex. Crim. App. 1981). Second, there must be a reasonable probability that, but for counsel's unprofessional errors, the result of the

---

[1] The pages in the writ application appear to be duplicates, in no particular order, after pages 6-10. The State is listing the pages as they are numbered in the application; hence, the second page 6 is the second page 6 as one proceeds through the pages of the writ application.

3

proceeding would have been different. *Id.* A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id.*

Article I, Section 10 of the Texas Constitution also requires that a criminal defendant receive effective assistance of counsel. However, the Texas constitutional provision does not create a standard that is more protective of a defendant's rights than that established in *Strickland. Black v. State*, 816 S.W.2d 350, 357 (Tex. Crim. App. 1991) (citing *Hernandez v. State*, 726 S.W.2d 53 (Tex. Crim. App. 1986)). Therefore, an analysis of the effectiveness of the applicant's trial counsel in the primary case pursuant to the *Strickland* standard satisfies both the federal and state constitutional requirements.

The court will not use hindsight to second-guess a tactical decision made by trial counsel, nor will the fact that another attorney might have pursued a different course support a finding of ineffectiveness. *Solis v. State*, 792 S.W.2d 95, 100 (Tex. Crim. App. 1990); *Blott v. State*, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979). When evaluating an ineffective assistance claim, the reviewing court looks at the totality of the representation and the particular circumstances of the case. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). In reviewing counsel's performance, the court indulges a strong presumption

4

that he acted within the wide range of reasonable professional assistance. *Id.*

## *Failure to Make an Opening Statement*

In his third ground for relief, the applicant alleges ineffectiveness for trial counsel's failure to make an opening statement at trial. *Writ Application* at 8.

The record is clear that trial counsel declined to make an opening statement. (3 R.R. 7). However, few matters during a criminal trial could be more imbued with strategic implications than the exercise of this option. *Calderon v. State*, 950 S.W.2d 121, 127 (Tex. App. – El Paso, 1997). An opening statement can give the State a preview of the defense strategy; therefore, trial counsel may make a tactical decision not to present on, and such a decision does not amount to ineffective assistance. For this reason, the applicant's third ground for relief is without merit, and should be denied.

## *Alleged Failure to Subpoena Witnesses*

The applicant alleges in his second ground for relief that counsel failed to subpoena defense witnesses in the instant case. *Writ Application* at 7. Specifically, the applicant alleges that trial counsel failed to call witness Wesley Brown to testify at trial. *Id.* The applicant also alleges

5

counsel failed to subpoena an expert witness to refute the medical examiner's testimony. *Id.*

When challenging trial counsel's failure to call a witness, "the applicant must show that [the witness] had been available to testify and that his testimony would have been of some benefit to the defense." *Ex parte White*, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004). The applicant fails to show that either of his proposed witnesses would have been available, or that either would have provided testimony that would have been of some benefit to his defense. The applicant merely makes a conclusory statement as to what testimony Wesley Brown would have given, and does not offer even a conclusory statement as to what, if any, testimony an expert would offer that would have helped his defense. *Writ Application* at 7. Therefore, the applicant fails to meet his burden, and his second ground for relief should be denied.

## Failure to Invoke "the Rule"

The applicant alleges, in his fifth ground for relief, that counsel failed to invoke Texas Rule of Evidence 614 (also known as "the Rule") before trial testimony began, resulting in defense witnesses being present in the courtroom during testimony. *Writ Application* at 10. The applicant goes on

6

to allege that this resulted in defense witnesses hearing each others' testimony, thereby bolstering their own testimony. *Id.*

The applicant is mistaken. After the applicant was arraigned, but before testimony began, the trial court asked whether either side wished to invoke the Rule. (3 R.R. 4). Immediately, counsel replied, "Yes, Your Honor." (3 R.R. 4). Thereafter, the trial court admonished witnesses, as they were sworn in, that the Rule had been invoked, and explained how that affected the witnesses. (3 R.R. 4; 5 R.R. 3).

The applicant fails to allege sufficient facts which, if true, would entitle him to relief. *Ex parte Maldonado*, 688 S.W.2d 114, 116 (Tex. Crim. App. 1985). Therefore, the applicant's fifth ground is without merit and should be denied.

## General Ineffectiveness

In his sixth ground for relief, the applicant alleges that trial counsel was generally ineffective overall. *Writ Application* at 6.[2]

First and foremost, in habeas proceedings, the applicant must allege sufficient facts, which if true, would entitle him to relief. *Ex parte Maldonado*, 688 S.W.2d 114, 116 (Tex. Crim. App. 1985). Even if sworn to, an applicant's allegations are insufficient to overcome the State's

---

[2] The pages in the writ application appear to be duplicates, in no particular order, after pages 6-10. The State is listing the pages as they are numbered in the application; hence, this page 6 is the second page 6 as one proceeds through the pages of the writ application

7

denials. *Ex parte Empey*, 757 S.W.2d 771, 775 (Tex. Crim. App. 1988). The burden of proof is on the applicant, and the standard of proof is by a preponderance of the evidence. *Ex parte Adams*, 768 S.W.2d 281 (Tex. Crim. App. 1988).

The applicant fails to clearly articulate any legal basis for relief in his sixth ground for relief, and therefore fails to allege sufficient facts, which, if true, would entitle him to relief. *Ex parte Maldonado*, 688 S.W.2d at 116. The applicant merely expresses his feeling that his attorney's "representation as a whole fell below and accepted standard of reasonableness" without providing any factual or legal support for his allegations. *Writ Application* at 6. Therefore, the applicant's sixth ground for relief is without merit, and should be denied.

*Conflict of Interest*

The applicant alleges in his first and seventh grounds for relief that counsel faced a conflict of interest which rendered counsel ineffective at trial and on appeal. *Writ Application* at 6. Specifically, the applicant alleges in his first ground for relief that trial counsel's agreement with the State to not release copies of the offense report to the applicant was a conflict of interest. *Id.*

8

Ineffective assistance of counsel may result from an attorney's conflict of interest. *Strickland*, 466 U.S. at 692. "An actual conflict of interest exists if counsel is required to make a choice between advancing his client's interest in a fair trial or advancing other interests (perhaps his own) to the detriment of his client's interest." *Ex parte Morrow*, 952 S.W.2d 530, 538 (Tex. Crim. App. 1997) (citing *James v. State*, 763 S.W.2d 776, 779 (Tex. Crim. App. 1989)). However, in order for an applicant to demonstrate a violation of his right to reasonably effective assistance of counsel based on a conflict of interest, the applicant "must show (1) that defense counsel was actively representing conflicting interests, and (2) that the conflict had an adverse effect on specific instances of counsel's performance." *Id.* (citing *Cuyler v. Sullivan*, 446 U.S. 335 (1980)).

Furthermore, in a case where counsel is appointed (as in this case), a defendant has the responsibility to bring to the court's attention any basis on which he believes an appointed counsel should be replaced. *Malcom v. State,* 628 S.W.2d 790, 791 (Tex. Crim. App. 1982)(citing *Webb v. State,* 533 S.W.2d 780, 784 n. 3 (Tex. Crim. App. 1976)). In that manner, the trial court can be afforded the opportunity to decide if the defendant can carry the burden of proving that he is entitled to a change of counsel. *Id.*

The applicant fails to show, nor can the State find any evidence that the applicant brought the matter to the court's attention. Furthermore, the applicant fails to demonstrate any actual conflict of interest existed between the applicant and counsel. Finally, the applicant fails to demonstrate that any alleged conflict in the primary case had any adverse effect on specific instances of counsel's performance. The applicant cannot show that he was denied the effective assistance of counsel due to any conflict of interest. Therefore, this aspect of the applicant's first and seventh grounds for relief are without merit and should be denied.

*Ineffective Assistance of Counsel on Appeal*

At the conclusion of the applicant's trial, trial counsel J. Sidney Crowley continued to represent the applicant on appeal. *See State's Writ Exhibit A, Notice of Appeal in cause number 1169973.* The applicant's seventh ground for relief alleges that Crowley's appointment as both trial and appellate attorney rendered him ineffective, as evidenced by Crowley's failure to raise ineffective assistance of counsel claims against himself. *Writ Application* at 10. Therefore, it appears the applicant's true claim is ineffective assistance of appellate counsel for failure to raise ineffective assistance of trial counsel as a point of error on appeal.

10

It is established that to support an applicant's allegation that appellate counsel was ineffective for failing to assign a particular point of appeal, the applicant must meet the standard set out in *Strickland*. *Smith v. Robbins*, 528 U.S. 259 (2000); *Smith v. Murray*, 477 U.S. 527 (1986); *Ex parte Butler*, 834 S.W.2d 782, 783-784 (Tex. Crim. App. 1994). The Texas Court of Criminal Appeals employs the same analysis for ineffective assistance of counsel on direct appeal as it applies to trial counsel: (1) "determine whether counsel's performance was deficient," and (2), if the performance was deficient, "determine whether there is a reasonable probability the results would have been different but for counsel's deficient performance." *Ex parte Jarrett*, 891 S.W.2d 935, 938 (Tex. Crim. App. 1994), *overruled on other grounds; Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997). Therefore, a showing of both deficient performance and prejudice is required. *Strickland*, 466 U.S. at 687.

An attorney "need not advance *every* argument, regardless of merit, urged by the appellant" and to do so would disserve the very goal of vigorous and effective appellate advocacy. *Evitts v. Lucey*, 469 U.S. 387 (1985) (emphasis in original). An applicant must demonstrate that counsel's decision not to raise a particular point of error was objectively unreasonable and that there is a reasonable probability that, but for

11

counsel's failure to raise that issue, the applicant would have prevailed on appeal. *Robbins*, 528 U.S. at 285-86 (citing *Strickland*, 466 U.S. at 687-91, 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceeding. *Strickland*, 466 U.S. at 694.

Nevertheless, and without waiving any of the foregoing arguments or authorities, the resolution of the claims requires information concerning trial counsel's strategic decisions, and confidential communications with the applicant. Therefore, the State believes that further factual investigation is necessary to determine the merit, if any, to the applicant's ineffective assistance claim.

## Reply to the Applicant's Eighth Ground for Relief

In his eighth ground for relief, the applicant claims the trial court erred by appointing trial counsel as appellate counsel. *Writ Application* at 7.[3]

The applicant filed notice of appeal on August 17, 2009, in which he also notified the court that he was indigent, and wished the trial court to appoint appellate counsel. *See State's Writ Exhibit A, Notice of Appeal in cause number 1169973*. In this same notice, counsel noted that he would continue to represent the applicant on appeal. *Id.* The applicant signed this notice, although he had the option to ask counsel to withdraw from his

---

[3] The pages in the writ application appear to be duplicates, in no particular order, after pages 6-10. The State is listing the pages as they are numbered in the application; hence, this page 7 is the second page 7 as one proceeds through the pages of the writ application.

12

case, and accept a different appellate attorney from the trial court. The applicant's signature on a form requesting trial counsel to remain on as appellate counsel is prima facie evidence that the trial court did not err in allowing the applicant his choice in appellate counsel.

Moreover, the purpose of habeas corpus is to determine the lawfulness of confinement and not to serve as the substitute for an appeal. *Ex parte Clore*, 690 S.W.2d 899, 900 (Tex. Crim. App. 1985); *Ex parte McGowan*, 645 S.W.2d 286, 288 (Tex. Crim. App. 1983). Habeas corpus will lie only to review jurisdictional defects or denials of fundamental or constitutional rights. *Ex parte Watson,* 601 S.W.2d 350 (Tex Crim App 1980). The applicant's claims are not of a jurisdictional defect nature, nor are these claims regarding a fundamental or constitutional right.

It is well settled that a writ of habeas corpus should not be used to litigate matters which should have been raised on direct appeal. *Ex parte Banks*, 769 S.W.2d 539 (Tex. Crim. App. 1989); *Ex parte Townsend*, 137 S.W.3d 79 (Tex. Crim. App. 2004). Generally, factual and evidentiary challenges are "record claims" and should be litigated on direct appeal. *Ex parte Gardner*, 959 S.W.2d 189, 198-200 (Tex. Crim. App. 1996) (op. reh'g). There is no reason why the applicant could not have made these complaints in the trial court, and on direct appeal. However, he failed to do

so. They are therefore waived, and he is now procedurally barred from further litigation of these issues. *See id.*

Therefore, applicant has failed in his burden of proof at habeas, and even assuming he meets that burden, applicant's claim is not cognizable because he should have raised it on direct appeal. The applicant's eighth ground for relief is without merit and should be denied.

### III.

The State respectfully requests that the trial court designate the issue of ineffective assistance of counsel as an issue that still needs to be addressed. The State respectfully requests that the trial court order J. Sidney Crowley to file an affidavit addressing the instant allegations of ineffective assistance of counsel at trial.

## IV.

Service has been accomplished by sending a copy of this instrument to the following address:

Candy Hill Hughes
#1596685 – Telford Unit
3899 State Highway 98
New Boston, TX 75570

SIGNED this 25th day of November, 2013.

Respectfully submitted,

Eva G. Flores
Assistant District Attorney
Harris County, Texas
1201 Franklin, 6th Floor
Houston, Texas 77002
(713) 755-6657
(713) 755-5240 (fax)
Texas Bar ID #24059760

15

Cause No. _1169973_

dms22999
dms221998
P2

## THE STATE OF TEXAS

V.

_Candy Hill Hughes_ , A/K/A/ _____

_230TH_ District Court / County Criminal Court at Law No. _____

Harris County, Texas

NOTICE OF APPEAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

On _August 17, 2009_ (date), the defendant in the above numbered and styled cause gives NOTICE OF APPEAL of his conviction.

**The undersigned attorney (check appropriate box):**

☐ MOVES to withdraw.

☑ ADVISES the court that he will CONTINUE to represent the defendant on appeal.

_8-17-09_
**Date**

_Candy Hill Hughes_
**Defendant (Printed name)**

**FILED**
Loren Jackson
District Clerk

AUG 1 7 2009

Time: _____
Harris County, Texas

By _____
Deputy

_J. Sidney Crowley_ (Signature)
**Attorney (Signature)**

_J. Sidney Crowley_
**Attorney (Printed name)**

_05170200_
**State Bar Number**

_440 Louisiana, Suite 800_ _Houston TX 77002_
**Address**

_713-225-5954_
**Telephone Number**

**The defendant (check all that apply):**

☑ REPRESENTS to the court that he is presently INDIGENT and ASKS the court to immediately APPOINT appellate counsel to represent him.

☑ ASKS the Court to ORDER that a free record be provided to him.

☐ ASKS the court to set BAIL.

Accordingly, Appellant ASKS the Court to conduct a hearing, make findings, and enter an Order Granting the requested relief.

_Candy H. Hughes_
**Defendant (Signature)**

_Candy Hill Hughes_
**Defendant's Printed name**

SWORN TO AND SUBSCRIBED BEFORE ME ON ___ AUG 1 7 2009

By Deputy District Clerk of Harris County, Texas _____

IMAGED

Page 1 of 2

STATE'S
EXHIBIT
_A_
PENGAD 800-631-6989

: 00100

# ORDER

On ⟨8/17/09⟩ the Court conducted a hearing and **FINDS** that defendant / appellant

☐ **IS NOT** indigent at this time.

☑ **IS** indigent for the purpose of

☑ employing counsel

☐ paying for a clerk's and court reporter's record.

☑ employing counsel or paying for a clerk's and court reporter's record.

The Court **ORDERS** that

☐ Counsel's motion to withdraw is **GRANTED / DENIED.**

☐ Defendant / appellant's motion (to be found indigent) is **DENIED.**

☐ Defendant's / appellant's motion is **GRANTED** and

☐ _____(attorney's name & bar card number)
is **APPOINTED** to represent defendant / appellant on appeal.

☐ The **COURT REPORTER** is **ORDERED** to prepare and file the reporter's record without charge to defendant / appellant.

**BAIL IS:**

☐ **SET** at $ _____

☐ **TO CONTINUE** as presently set.

☐ **DENIED** and is **SET** at **NO BOND.** (Felony Only)

DATE SIGNED: ⟨8/18/09⟩

_____
JUDGE PRESIDING,
⟨230⟩ **DISTRICT COURT /**
**COUNTY CRIMINAL COURT AT LAW NO.** ___,
**HARRIS COUNTY, TEXAS**

: 00101



STATE OF TEXAS
COUNTY OF HARRIS

I, Chris Daniel, District Clerk of Harris County, Texas, certify that
this is a true and correct copy of the original record filed and or recorded
in my office, electronically or hard copy, as it appears on this date.

Witness my official hand and seal of office this

11-26-13

CHRIS DANIEL, DISTRICT CLERK
HARRIS COUNTY, TEXAS

_____ Deputy